# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | § |
| Plaintiff, | § |
| v. | § CASE NO. 1:15-cv-00350-RC |
| **GOOGLE, INC.,** | § |
| | § JURY TRIAL DEMANDED |
| Defendant. | § |

## PLAINTIFF PERSONAL AUDIO, LLC'S MOTION TO LIFT STAY

**I.     INTRODUCTION**

Now that the Patent Trial and Appeal Board ("PTAB") has issued its final decision on both U.S. Patent Nos. 6,199,076 and the 7,509,178 (the "Asserted Patents"), Personal Audio LLC requests that this Court lift the currently imposed stay and allow this matter to proceed.

As indicated in Defendant Google Inc.'s Fourth Status Report Regarding *Inter Partes* Review (Dkt. 23), the PTAB issued its Final Written Decisions in IPR2015-00845 and IPR2015-00846 on September 1st and 9th, respectively (the "IPRs").  With respect to the '076 Patent the Board upheld 4 of the 6 instituted claims as patentable.  Similarly, with respect to the '178 Patent the Board upheld 10 of the 16 instituted claims as patentable.

Pursuant to the Court's November 3, 2015 Order this action was to be "stayed pending the results of the *inter partes review* proceedings." Order (Dkt. 17) at 6.  In light of the Board's Final Written Decisions affirming the validity of 14 of the asserted claims, this Court now has the results of the *inter partes review* and the circumstances that led the Court to stay this case have now changed substantially such that a stay is no longer warranted.  The stay will not further simplify this case, as the PTAB has already concluded that the majority of asserted claims are valid.  As the Court noted in its November 3, 2015 Order (Dkt 17, at 4), discovery is already substantively advanced in this case and substantial discovery relating to Google Play Music was performed in the Acer litigation.  The Court further noted that Google is being represented by many of the same counsel that represented defendants in the *Acer* litigation.  Those same counsel participated in the prior claim construction. The prior discovery will only grow staler by further delay.  Extending the stay would unduly prejudice Personal Audio and further delay its interest in enforcement of its patents.  Therefore, Personal Audio respectfully moves the Court to lift the stay and reopen the case.

## II. FACTUAL BACKGROUND

Personal Audio asserted the '076 Patent and the '178 Patent across six litigations before this Court, with success in every instance. Dkt. 15, Pl.'s Opp. To Mot. To Stay, at 2. Notably, the Asserted Patents have been found valid by a competent jury and survived prior reexaminations. *Id.* Indeed, even the PTAB in its recently issued Final Written Decisions confirmed the validity of the majority of the Asserted Patents' challenged claims. Dkt. 23 at Exs. A & B.

In January 2014, Personal Audio filed a complaint against Acer America Corp. (Civil Index No. Civil Index No. 1:14-cv-8-RC, the "*Acer* Litigation"). As part of that litigation, Personal Audio served discovery regarding relevant source code directly on Google. Dkt. 15 at 2. Personal Audio and Google negotiated a protective order for the inspection of Google's source code, and Personal Audio began its review of discovery from Google. *Id.* at 3.

On March 6, 2015, Google filed petitions for IPR against all claims of the Asserted Patents, naming itself as an interested third party in the *Acer* Litigation. Dkt. 15 at 4. On September 17, 2015, the PTAB instituted IPR proceedings on the '076 and '178 Patents. On September 1, 2016, the PTAB issued a Final Written Decision in IPR 2015-00845 (the "'076 Patent Final Written Decision"), finding that (1) claims 1 and 4 of the '076 Patent are held unpatentable, and (2) claims 2, 3, 14, and 15 of the '076 Patent are not held unpatentable. Dkt. 23 at Ex. A. On September 9, 2016, the PTAB issued a Final Written Decision in IPR 2015-846 (the "'178 Patent Final Written Decision," together with the '076 Patent Final Written Decision, the "Final Written Decisions"), finding that (1) claims 1-4, 9, and 13 of the '178 Patent are unpatentable, and (2) claims 5-8, 14-17, 28, and 29 of the '178 Patent are not held unpatentable. Dkt. 23 at Ex. B.

## III. THE COURT SHOULD LIFT THE STAY AND ALLOW THE CASE TO IMMEDIATELY PROCEED

Whether to extend the stay of this litigation falls within the "district court['s] … inherent power to control its own docket." *ThinkOptics, Inc. v. Nintendo of America, Inc.*, 2014 U.S. Dist. LEXIS 128450, *4 (E.D. Tex. Feb. 27, 2014). The decision "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, even where a district court grants a stay pending IPR, that same court may later "abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc.*, 2015 U.S. Dist. LEXIS 31452, *10 (E.D. Tex. Jan. 5, 2015) (*quoting Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002).

In deciding whether to lift a stay, Courts perform the same analysis as when deciding a motion to impose a stay in the first place. *Id*. Courts generally consider three factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the stage of discovery and whether a trial date has been set. *Trover Group, Inc. v. Dedicated Micros USA*, 2015 U.S. Dist. LEXIS 29572, at *5 (E.D. Tex. Mar. 11, 2015); *Personal Audio, LLC v. Togi Ent., Inc.*, No. 2:13-CV-13, (E.D. Tex. Aug. 1, 2014). Analysis of these three factors involves balancing the benefits of a stay versus the inherent costs of delay. *Trover Group*, at *5 ("Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."). Though the Court previously granted a stay in this matter, the PTAB's Final Written Decision on the pending IPRs alters the prior analysis of

3

the pertinent three factors. Now, an analysis of these factors favors lifting of the stay to allow the pending litigation to be resolved and to prevent any further delay.

        **A.**        **Extending The Stay Will Not Simplify Any Remaining Issues.**

Extending the stay will not further simplify the issues in question and trial of the case. Simplification means final resolution of an issue. *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *6-7 (N.D. Cal. 2009) ("To truly simplify issues . . . the outcome of the reexamination must finally resolve all issues in the litigation."). In assessing this factor, the Court previously found that the "potential invalidation of the claims of the '178 Patent" was significant enough to justify a stay to allow the PTAB to simplify the issues in the present case. (Dkt. 17 at 5-6.) With the issuance of the final IPR decision and with the majority of the claims from the '178 Patent surviving, there is no additional simplification to be gained from unnecessarily extending the stay.

Google argued in its Motion to Stay, based on the PTAB statistics, that all claims of the Asserted Patents may well be invalidated resulting in no need to assess any of Personal Audio's infringement allegations. (Dkt 9 at 9.) While this statistical reasoning may have had merit when the motion was initially filed, it no longer holds. Further, now that invalidity arguments that could have been raised before the PTAB are estopped from being raised to the Court, the matter has been sufficiently simplified such that only the issues of infringement and damages remain. *See*, 35 U.S.C. §315(e)(2); *see also Network-1*, 2015 U.S. Dist. LEXIS 31452 at *18-19 ("With regard to simplification resulting from the IPR estoppel provision, in accordance with the express language of that statute, the Final Written Decision triggered any such estoppel."). These remaining issues are ripe and the case should proceed at this time.

4

Similarly, the fact that Google may seek rehearing at the PTAB or proceed to appeal the matter to the U.S. Court of Appeals for the Federal Circuit does not justify extending the stay. The decision from this court in the *Network-1* is instructive on this issue. 2015 U.S. Dist. LEXIS 31452, at *17. In *Network-1*, this Court rejected the argument that a stay should extend through the appeal from an IPR decision, reasoning that the Final Written Decision finding validity meant that there was "no longer a presumption of a 'reasonable likelihood' of invalidity." *Id.* at *16-17 ("[T]he Final Written Decision—issued after the presentation of evidence, expert witnesses, arguments, and briefing—should be accorded at least as much deference as the Board's initial determinations that there was a 'reasonable likelihood' that at least one of the asserted claims was invalid."). To the contrary, the court found that, instead, the surviving claims should be entitled to a presumption of validity. *Id.* at *17 ("Rather, if any presumption is now applicable to the asserted claims that survived the IPR proceedings, it is that they are valid and enforceable."). Based on this newly-applicable presumption of validity, the court reasoned that the pending appeal did not justify a stay because "the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight." *Network-1,* 2015 U.S. Dist. LEXIS 31452, at *17 (*citing One No. Corp. v. Google Inc.*, 2012 U.S. Dist. LEXIS 59095, *3 ("[M]aintaining the stay to await the remote chance that the issues would be further simplified on appeal is insufficient to keep the stay in place… ."). The holding from *Network-1* is equally applicable to the instant matter, where the Asserted Patents have survived the IPR process. Thus, extending a stay will not further simplify any remaining issues. In light of the significant change of circumstances following the Final Written Decisions, this factor supports lifting the stay.

5

## B. Extending The Stay Further Will Unduly Prejudice Personal Audio.

If "a stay will unduly prejudice or present a clear tactical disadvantage" to the party opposing the stay, this factor weighs against the stay. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). This Court has repeatedly recognized a plaintiff's interest in timely enforcement of a patent. *See Network-1*, 2015 U.S. Dist. LEXIS 31452, at *21 (citing *Unifi Scientific Batteries, LLC v. Sony Mobile Comm. AB*, 2014 U.S. Dist. LEXIS 129388 at *4-5 (E.D. Tex. Jan. 14, 2014); *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 U.S. Dist. LEXIS 128450 at 2-3 (E.D. Tex. Feb. 27, 2014); *Invensys Sys., Inc. v. Emerson Electric Co.*, 2014 U.S. Dist. LEXIS 128454 at 4-5 (E.D. Tex. July 25, 2014). Any further delay of the instant litigation would obstruct Plaintiff's right to a "just, speedy and inexpensive determination." *Unifi Scientific Batteries*, 2014 U.S. Dist. LEXIS 129388 at 9-11. "The principle that justice delayed is justice denied applies with full force to the patent process." *ESN, LLC v. Cisco-Linksys, LLC*, 2008 U.S. Dist. LEXIS 108327, *9 (E.D. Tex. Nov. 20, 2008).

The Court previously found against Personal Audio on this factor, given the perceived delay in asserting this action against Google. (Dkt. 17 at 3-4.) However, Personal Audio was previously engaged in a complex multiparty litigation and given the inherent expense and time commitment of patent suits, long standing precedent provides for a patent owner to not be forced into engaging in more than one lawsuit at a time. *Lismont v. Alexander Binzel Corp.*, 813 F.3d 998, 1004 (Fed. Cir. 2016) ("We have previously recognized that '[a] patent owner may avoid the consequences of what would otherwise be an unreasonable delay in filing suit by establishing that he or she was engaged in 'other litigation.'"). Thus, even though the Court previously found Personal Audio delayed in bringing the instant action against Google, such delay is mitigated by Personal Audio's other lawsuits.

6

In the instant case, the stay has halted the enforcement of the Asserted Patents for over 10 months during the IPR proceedings. Any additional extension of the stay would further jeopardize and prejudice Personal Audio's position because "witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place." *Ambato Media, LLC v. Clarion Co.*, 2012 U.S. Dist. LEXIS 7558, at *5 (E.D. Tex. Jan. 23, 2012); *see also Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 U.S. Dist. LEXIS 83581, at *9 (N.D. Cal. Nov. 6, 2007). Similarly, should the Court extend the stay pending a possible rehearing or appeals process, the prejudice that Personal Audio would suffer "is considerable." *Network-1*, 2015 U.S. Dist. LEXIS 31452, at *21 (noting that the additional duration of exhausting appeals could easily double or triple the timeframe within which the PTAB is required to issue a final written decision). Any additional delay will further risk discovered evidence becoming stale, moot or require significant additional expense for experts to yet again become familiar with the material. To minimize further prejudice that Personal Audio would suffer by extending the stay, this factor weighs in favor of lifting the stay.

      C.    **The Status Of Proceedings Justifies Lifting The Stay.**

While this case is at an early stage, Google was integrally involved in the prior *Acer* Litigation. In fact, Personal Audio and Google negotiated a protective order, the preservation of certain evidence from the *Acer* Litigation and specific parameters for how said prior discovery should be should be treated. Google is not new to the Asserted Patents, discovery issues, the parties' stances with respect to claim construction, or issues of infringement and validity because Google and its counsel were involved in the *Acer* Litigation from nearly its onset. Further, as previously noted by the Court in its Order finding the stage of the litigation weighs against granting a stay, "it seems unlikely that the parties will ignore discovery that was previously

7

completed or this court's previous Markman rulings." (Dkt. 17 at 5.) Due to the substantial work that was completed, this litigation will be less expensive than a typical litigation starting from scratch. *See Signal IP, Inc. v. Ford Motor Co.*, Case No. 14-cv-13729, 2015 U.S. Dist. LEXIS 132322, at *14-15 (E.D. Mich. Sept. 30, 2015) ("The Court also finds that it is likely that discovery costs and claim construction costs will be lower in this case than the typical patent infringement case, because the parties should have the benefit of discovery and claim construction briefing that has already taken place in the related cases…"). Thus, a pragmatic assessment of the instant action reveals that though the case was filed shortly before the IPR was instituted, the issues alleged in this matter are ripe and the Court should follow its previous holding, finding that this factor favors lifting the stay.

Finally, this Court also noted in *Network-1* that there are certain advantages to lifting a stay in a case that is in its early stages. "If the case is placed back on the active docket, a scheduling order would be entered setting a *Markman* hearing nine months later. . . . Lifting the stay can allow the action to advance, and then, if a decision is rendered regarding the Appeal Board's Final Written Decision that affects this case, appropriate adjustments can be made, including possibly re-staying the case." *Network-1*, 2015 U.S. Dist. LEXIS 31452, at *24-25 (citations omitted). Accordingly, the facts of this case weigh in favor of lifting the stay.

## IV. CONCLUSION

Based on the foregoing reasons, Personal Audio respectfully requests that the stay be lifted.

Dated:  September 27, 2016

Respectfully Submitted,

*/s/ Douglas Q. Hahn*
Douglas Q. Hahn
Salil Bali (admitted *Pro Hac Vice*)
Jared Veliz (admitted *Pro Hac Vice*)
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660
Phone:  949-725-4138; Fax:  949-823-5138
Email:  dhahn@sycr.com
Email:  sbali@sycr.com
Email:  jveliz@sycr.com


William M. Parrish
Texas State Bar No. 15540325
DINOVO, PRICE, ELLWANGER & HARDY, LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Phone: (512) 539-2626; Fax: (512) 539-2627
Email:  bparrish@dpelaw.com


Charles W. Goehringer
Texas State Bar No. 00793817
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX  77701
Phone:  409-654-6700
Email:  cwgoehringer@germer.com

***Attorneys for Plaintiff, Personal Audio, LLC***

9

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on September 27, 2016, via telephone conference with the following participants: James Gagen and Thad Heartfield for Defendant and Douglas Hahn and Charles W. Goehringer, Jr. for Plaintiff. No agreement could be reached and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Douglas Q. Hahn*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 27, 2016.

*/s/ Douglas Q. Hahn*