# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, | |
|     Plaintiff, | CASE NO. 1:15-CV-00350-RC |
| v. | |
| GOOGLE INC., | |
|     Defendant. | |

## GOOGLE INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.    Plaintiff Has Not Identified the Existence of Any Unlicensed Party as a Plausible Direct Infringer .................................................................................................. 1

II.   Plaintiff's Complaint Against Google Should Be Dismissed for Failure To State a Claim ..................................................................................................................... 3

      A.    Plaintiff Has Failed To Adequately Plead Specific Intent ..................................... 4

      B.    Plaintiff Has Failed To Adequately Plead Facts To Support Its Conclusory Allegation of No Substantial Non-Infringing Use .............................. 5

III.  The Complaint Should Be Dismissed for Improper Venue ............................................... 6

IV.  Conclusion ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
    501 F.3d 1307 (Fed. Cir. 2007) .................................................................................................. 4

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................................ 3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................................... 3

*Blue Spike, LLC v. Tex. Instruments, Inc.*,
    No. 6:12-cv-499, 2013 U.S. Dist. LEXIS 191697, *1 (E.D. Tex. Sep. 27, 2013) .................. 2, 4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 107354 (E.D. Tex. July 15, 2015) .................... 4, 5

*Eolas Tech, Inc. v. Adobe Sys., Inc.*,
    2010 U.S. Dist. LEXIS 58291, at *1 (E.D. Tex. May 6, 2010) ................................................... 4

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
    353 U.S. 222 (1957) ..................................................................................................................... 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................... 3

*Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*,
    2012 U.S. Dist. LEXIS 114199, at *1 (E.D. Tex. July 27, 2012) ............................................... 6

*Realtime Data, LLC v. Morgan Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) .................................................................................... 2, 4

*TC Heartland LLC v. Kraft Food Brands Grp. LLC*,
    196 L. Ed. 2d 490 (*cert. granted* Dec. 14, 2016) ...................................................................... 7

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013) ................................................. 5

**Statutes**

28 U.S.C. § 1391 ............................................................................................................................... 8
28 U.S.C. § 1391(c)(2) ..................................................................................................................... 7
28 U.S.C. § 1400(b) ..................................................................................................................... 7, 8
28 U.S.C. § 1406(a) .......................................................................................................................... 8

**Other Authorities**

Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 202, Pub. L. No. 112-63, 125
    Stat. 758 (2011) ........................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(3) .................................................................................................................. 1
Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1
Fed. R. Civ. P. 8(a) ........................................................................................................................ 4

Case 1:15-cv-00350-RC Document 32 Filed 01/26/17 Page 4 of 14 PageID #: 805

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3), Defendant Google Inc. hereby moves to dismiss the complaint of Plaintiff Personal Audio, LLC.

The complaint alleges only indirect infringement of two expired patents, which Plaintiff had asserted in previous cases and settled with dozens of device manufacturers since 2009. Because the complaint lacks any factual allegations as to the existence of any potential direct infringer, there can be no indirect infringement as a matter of law. Plaintiff has also failed to plead any facts plausibly showing (1) that Google specifically intended for any customer to infringe the asserted patents; or (2) that Google Play Music has no substantial non-infringing uses and that Google knew that Google Play Music was "especially made or especially adapted for use in an infringement" of the asserted patents. Since Plaintiff alleges no facts on these required elements to state any claim for induced infringement or contributory infringement, the complaint against Google should be dismissed.

Even if Plaintiff had adequately alleged facts to support any claim of indirect infringement, the complaint should be dismissed due to improper venue given that the alleged acts on the part of Google necessarily occurred in Northern California where Google is headquartered. Google has no ties, connections, or relations with the Eastern District of Texas to justify requiring Google to defend the lawfulness of its design, development, marketing, and sales activities that have no substantial connection with the Eastern District of Texas. As such, the complaint should further be dismissed for improper venue.

## I. PLAINTIFF HAS NOT IDENTIFIED THE EXISTENCE OF ANY UNLICENSED PARTY AS A PLAUSIBLE DIRECT INFRINGER

The patentee filed the applications that matured into the asserted patents on October 2, 1996. Those patents therefore expired on October 2, 2016. Plaintiff filed the present complaint against Google on September 15, 2015, alleging indirect infringement of these patents. Apart

from a generic recitation of "a multitude of tablets and smartphones," "branded devices," and "hardware devices" of unidentified third parties, *see* Compl. ¶¶ 49-52, Plaintiff's complaint against Google fails to identify any possible direct infringer. *See Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539-540 (E.D. Tex. 2010) (granting dismissal of indirect infringement claims based on plaintiff's failure to identify direct infringer); *Blue Spike, LLC v. Tex. Instruments, Inc.,* No. 6:12-cv-499, 2013 U.S. Dist. LEXIS 191697, *174 (E.D. Tex. Sep. 27, 2013) (dismissing indirect infringement claims where complaint fails to identify products incorporating the accused software). Plaintiff previously asserted these patents against at least Apple, Samsung, Motorola, HTC, LG, Amazon Digital Services, Inc., FUHU, Acer, Apollo Brands, ASUSTek, Azpen Innovation, Barnes & Noble, Fujitsu, Huawei, Levono, Toshiba, and ZTE.[1] *See* Compl. ¶¶ 12-15, 39, 55, 62. Since all of these matters were resolved, all of these parties are now licensed (or effectively licensed) and cannot be the direct infringer for purposes of Plaintiff's indirect infringement allegations against Google.[2]

---

[1] Sirius XM Radio, Coby Electronics, and Archos were also defendants in Plaintiff's suit filed against Apple in 2009. *See Personal Audio, LLC v. Apple, Inc. et al.*, No. 9:09-cv-00111-RC. Blackberry (formerly known as "Research In Motion") was another defendant in Plaintiff's suit filed against Samsung in 2011. *See Personal Audio, LLC v. Samsung Elecs. Co.*, No. 1:11-cv-00432-RC. Plaintiff also asserted these same patents against XM Satellite Radio in 2010. *See Personal Audio, LLC v. XM Satellite Radio, Inc.*, No. 9:10-cv-00035-RC.

[2] *See, e.g.*, J. Mot. Dismiss, No. 9:09-cv-111-RC, ECF No. 565 (Dec. 21, 2011); J. Mot. Dismiss, No. 1:11-cv-432-RC, ECF No. 57 (Mar. 19, 2012); J. Mot. Dismiss, No. 1:11-cv-432-RC, ECF No. 118 (Aug. 22, 2012); J. Mot. Dismiss, No. 1:11-cv-432-RC, ECF No. 147 (Apr. 4, 2013); J. Mot. Dismiss, No. 1:11-cv-432-RC, ECF No. 115 (Aug. 15, 2012); J. Mot. Dismiss, No. 1:11-cv-655-RC, ECF No. 31 (Aug. 20, 2012); J. Mot. Dismiss, No. 1:13-cv-513-RC, ECF No. 57 (May 1, 2015); Stip. Dismissal, No. 1:14-cv-8-RC, ECF No. 126 (Oct. 1, 2014), ECF No. 220 (May 7, 2015); J. Mot. Dismiss, No. 1:14-cv-8-RC, ECF No. 234 (Jun. 24, 2015); J. Mot. Dismiss, No. 1:14-cv-8-RC, ECF No. 197 (Mar. 13, 2015); J. Mot. Dismiss, No. 1:14-cv-8-RC, ECF No. 81 (Jul. 11, 2014); Stip. Dismissal, No. 1:14-cv-8-RC, ECF No. 240 (Jul. 23, 2015); J. Mot. Dismiss, No. 1:14-cv-8-RC, ECF No. 222 (May 22, 2015); Stip. Dismissal, No. 1:14-cv-8-RC, ECF No. 85 (Jul. 17, 2014), ECF No. 134 (Oct. 24, 2014); Stip. Dismissal, No. 1:14-cv-8-RC, ECF No. 84 (Jul. 17, 2014), ECF No. 250 (Sep. 28, 2015); J. Mot. Dismiss, No. 1:14-cv-8-

## II. PLAINTIFF'S COMPLAINT AGAINST GOOGLE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The complaint contains only conclusory allegations of contributory and induced infringement. *See* Compl. ¶¶ 48-52, 55, 62. Such boilerplate pleading fails to provide the level of specificity mandated by the Supreme Court. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579 (2007) (complaint must include "enough facts to state a claim to relief that is plausible on its face" to survive motion to dismiss); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (*Twombly* pleading standard applies to "all civil actions and proceedings in the United States district courts"). Since Plaintiff is not alleging direct infringement, its complaint against Google is subject to the pleading standard of *Twombly* and *Iqbal*. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1336-37 (Fed. Cir. 2012) ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent [*Twombly* and *Iqbal*] for guidance regarding the pleading requirements for claims of indirect infringement"). To state a claim of indirect infringement, whether for inducement or contributory infringement, Plaintiff must plead an underlying act of direct infringement. *See In re Bill of Lading*, 681 F.3d at 1333 ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement.").

The complaint identifies all of the various parties that cannot be direct infringers as a result of Plaintiff's previously settled cases but does not identify any plausible direct infringer that may be left. The complaint also lacks any factual allegations to support each of the elements of the causes of action for induced infringement or contributory infringement. Accordingly, the complaint should be dismissed for failure to plead factual allegations that meet the minimum

---

RC, ECF No. 235 (Jun. 25, 2015); J. Mot. Dismiss, No. 1:14-cv-8-RC, ECF No. 238 (Jun. 25, 2015), ECF No. 246 (Aug. 28, 2015).

pleading requirements of Fed. R. Civ. P. 8(a).  *See Iqbal*, 556 U.S. at 678 (complaint pleading facts "'merely consistent with' a defendant's liability … stops short of the line between possibility and plausibility of 'entitlement to relief'").  The vague allegations that "a multitude of tablets and smartphones" and "branded devices" of unidentified third parties allegedly infringe the asserted patents do not support an inference of anything "more than a sheer possibility that a defendant has acted unlawfully" and falls far below the requisite level of pleading to support a claim for indirect infringement.  *See Realtime Data*, 721 F. Supp. 2d at 544 ("generalities relied upon by [Plaintiff] in the Amended Complaint … importantly, also fail to identify which other party committed the underlying act of infringement"); *Eolas Tech, Inc. v. Adobe Sys., Inc.*, 2010 U.S. Dist. LEXIS 58291, at *16-*17 (E.D. Tex. May 6, 2010), *superseded on other grounds* (granting motion to dismiss indirect infringement claims that did not identify direct infringer); *Blue Spike,* 2013 U.S. Dist. LEXIS 191697, at *174 (dismissing contributory infringement claim that did not "even suggest what larger devices or software packages incorporate the accused software").

### A. Plaintiff Has Failed To Adequately Plead Specific Intent

Even if Plaintiff had sufficiently plead the existence of any plausible direct infringer to state a claim for induced infringement, the complaint still lacks any facts "plausibly showing that defendant specifically intended for its customers to infringe the asserted patents."  *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (inducement claim requires that defendant "possessed specific intent to encourage another's infringement"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 107354 (E.D. Tex. July 15, 2015) (recommending dismissal of indirect infringement claim where complaint "fails to allege any facts that establish a plausible inference that [defendant] had the specific intent to induce its customer's actions"), adopted by *Core Wireless Licensing S.A.R.L. v.*

*Apple Inc.*, No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 106962, at *1 (E.D. Tex. Aug. 13, 2015). Plaintiff's complaint for indirect infringement against Google not only fails to shed any light on who could possibly remain as an alleged direct infringer, it is also devoid of any factual allegations as to any specific intent on the part of Google to encourage such unspecified direct infringement.

The generic allegation that "Google provides and instructs third parties to use the aforementioned product in the manner claimed" by the expired asserted patents, *see* Compl. ¶ 52, is too vague and conclusory to create a reasonable inference of specific intent. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013) (allegations that defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement" and fail to provide adequate notice), adopted by *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187805, at *1 (E.D. Tex. Mar. 6, 2013); *see also Core Wireless Licensing S.A.R.L.*, 2015 U.S. Dist. LEXIS 107354, at *13 ("failing to allege any facts identifying … how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement" and is "insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim"). Thus, Plaintiff's claim for induced infringement should be dismissed.

### B. Plaintiff Has Failed To Adequately Plead Facts To Support Its Conclusory Allegation of No Substantial Non-Infringing Use

To state a claim for contributory infringement, Plaintiff must allege facts sufficient to show that the accused component "has no substantial non-infringing uses" and that Google knew that the accused component was "especially made or especially adapted for use in an infringement" of the patents-in-suit. *See In re Bill of Lading*, 681 F.3d at 1337 ("Contributory

infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'"). The complaint against Google instead contains only the boilerplate conclusory allegation that Google Play Music "has no substantial non-infringing uses and is especially made and/or adapted … so as to infringe the Asserted Patents," with no supporting factual allegations. *See* Compl. ¶ 52.

The relevant inquiry for contributory infringement is "whether the accused products can be used for purposes ***other than*** infringement." *See In re Bill of Lading*, 681 F.3d at 1338 (dismissing contributory infringement claim where complaint did not allege that accused products can perform "***only*** the infringing method") (emphasis in original). By using the words "at least" in discussing the "capabilities" of the accused devices, *see* Compl. ¶ 51, the complaint actually admits that the accused component may have non-infringing uses. *See Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, 2012 U.S. Dist. LEXIS 114199, at *20 (E.D. Tex. July 27, 2012) (recommending dismissal of contributory infringement allegations where plaintiff failed to supply allegations to allow plausible inference that "any components being sold have 'no substantial non-infringing uses'"). Thus, Plaintiff's claim of contributory infringement should also be dismissed.

### III. THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE

The complaint likewise contains only boilerplate conclusory allegations regarding jurisdiction and venue. *See* Compl. ¶¶ 6-10. Notably, the complaint does not and cannot allege that Google resides in the Eastern District of Texas or has a regular and established place of business in this district. Because jurisdiction and venue are lacking, Google moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, transfer to the Northern District of

California where Google is headquartered.  *See TC Heartland LLC v. Kraft Food Brands Grp. LLC*, 196 L. Ed. 2d 490 (*cert. granted* Dec. 14, 2016).

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957) ("the residence of a corporation for purposes of [§] l400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and … it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)").  As amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 202, Pub. L. No. 112-63, 125 Stat. 758, 763 (2011), 28 U.S.C. § 1391(c)(2) provides in relevant part:  "For all venue purposes … an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction ***with respect to the civil action in question*** …." (emphasis added).  In this case, the "civil action in question" involves purported claims of induced infringement and contributory infringement.

As Plaintiff acknowledges, Google's headquarters are in Mountain View, California.  *See* Compl. ¶ 6.  The engineering and marketing divisions responsible for Google Play Music are principally located in Mountain View, California, and the vast majority of the design and development activities related to Google Play Music, as well as any important marketing, sales, pricing, and finance decisions related to Google Play Music, all occur in Mountain View, California.  Google maintains no employees, offices, or facilities in the Eastern District of Texas.  Even assuming arguendo that Plaintiff has sufficiently alleged facts to support any actionable conduct on the part of Google, which it has not, any relevant activity with respect to Google Play Music occurred in Mountain View, California, not in the Eastern District of Texas.  As such, the

complaint fails to satisfy the requirements of 28 U.S.C. §§ 1391, 1400(b) and should be dismissed.  *See also* 28 U.S.C. § 1406(a) (when case is filed in the "wrong division or district," district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## IV.   CONCLUSION

Based on the foregoing, Google respectfully requests that the Court dismiss the Complaint of Personal Audio LLC for failure to meet the requisite pleading standards and for improper venue.

Date:  January 26, 2017              Respectfully submitted,


                                     By: */s/ Leon Miniovich*

                                     J. Thad Heartfield (State Bar No. 09346800)
                                     The Heartfield Law Firm
                                     2195 Dowlen Road
                                     Beaumont, TX  77706
                                     Telephone:  (409) 866-3318
                                     Email:  thad@heartfieldlawfirm.com

                                     Jeannine Yoo Sano (CA Bar No. 174190)
                                     (admitted to the Eastern District of Texas)
                                     Eric Krause (CA Bar No. 257925)
                                     (admitted to the Eastern District of Texas)
                                     White & Case LLP
                                     3000 El Camino Real
                                     Five Palo Alto Square, 9th Floor
                                     Palo Alto, CA  94306
                                     Telephone:  (650) 213-0356
                                     Email:  WCGooglePersonalLLC@whitecase.com

                                     Leon Miniovich (NY State Bar No. 4738852)
                                     (admitted to the Eastern District of Texas)
                                     White & Case LLP
                                     1155 Avenue of the Americas
                                     New York,  NY  10036
                                     Telephone:  (212) 819-7923
                                     Email:  lminiovich@whitecase.com

                                     Counsel for GOOGLE INC.

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on January 26, 2017 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                          */s/ Leon Miniovich*
                                          Leon Miniovich