**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>        Defendant. | CASE NO. 1:15-CV-00350-RC |

**GOOGLE'S MOTION TO DISMISS
<u>PERSONAL AUDIO, LLC'S AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  PROCEDURAL HISTORY................................................................................................. 1

III. ARGUMENT ....................................................................................................................... 2

    A.   The Amended Complaint Should Be Dismissed for Improper Venue ..................................................................................................................... 2

    B.   The Amended Complaint Should Be Dismissed for Failure To State Any Claim for Which Relief May Be Granted ............................................... 4

        1.   The Amended Complaint Does Not Adequately Plead Direct Infringement....................................................................................... 5

        2.   Plaintiff's Joint Infringement Allegations Are Insufficient ........................ 6

        3.   Plaintiff Still Fails To Plead Indirect Infringement Adequately ...................................................................................................... 7

            a.   Plaintiff Still Has Not Adequately Plead Specific Intent ................................................................................................. 8

            b.   Plaintiff Still Fails To Plead Any Facts To Support Its Conclusory Allegation of No Substantial Non-Infringing Use ................................................................................... 9

IV.  CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
   501 F.3d 1307 (Fed. Cir. 2007) ............................................................................................... 8

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................... 4, 5, 6, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*Blue Spike, LLC v. Tex. Instruments, Inc.*,
   No. 6:12-cv-499, 2013 U.S. Dist. LEXIS 191697, *1 (E.D. Tex. Sep. 27, 2013) ..................... 5

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011) ............................................................................................... 6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 106962, at *1 (E.D. Tex. Aug. 13,
   2015) ........................................................................................................................................ 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 107354 (E.D. Tex. July 15, 2015) ................. 8, 9

*Eolas Tech, Inc. v. Adobe Sys., Inc.*,
   2010 U.S. Dist. LEXIS 58291, at *1 (E.D. Tex. May 6, 2010) ............................................... 4

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) ................................................................................................... 3

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
   353 U.S. 222 (1957) ................................................................................................................ 2

*Fujinomaki v. Google Inc.*,
   Case No. 2:15-cv-01381-JRG-RSP, ECF No. 47-1 ¶ 10 (Nov. 23, 2015) .............................. 3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................................................................... 7, 9

*Limelight Networks v., Akamai Techs.*,
   134 S. Ct. 2111 (2014) ............................................................................................................ 7

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) ............................................................................................... 7

*Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*,
   2012 U.S. Dist. LEXIS 114199, at *1 (E.D. Tex. July 27, 2012) .......................................... 10

*Personal Audio, LLC v. Acer Am. et al.*,
   Case No. 1:14-cv-00008-RC, ECF No. 222 (May 22, 2015) .................................................. 2

*Realtime Data, LLC v. Morgan Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ................................................................. 4, 6

*Ruby Sands, LLC v. Am. Nat'l Bank of Texas*,
    2016 WL 3542430, at *1 (E.D. Tex. June 18, 2016) .................................................. 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ................................................................................... 3

*TC Heartland LLC v. Kraft Food Brands Grp. LLC*,
    196 L. Ed. 2d 490 (*cert. granted* Dec. 14, 2016) ..................................................... 4

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    2013 U.S. Dist. LEXIS 187805, at *1 (E.D. Tex. Mar. 6, 2013) ............................... 8

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013) ............................... 8

*VStream Tech., LLC v. PLR IP Holdings, LLC*,
    No. 6:15-cv-974-JRG-JDL, Slip Op. at *1 (E.D. Tex. Aug. 24, 2016) ..................... 7

*Winterbottom v. Casey*,
    283 F.518 (E.D. Mich. 1922) ................................................................................... 3

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................... 2, 4
28 U.S.C. § 1406(a) .................................................................................................... 4

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 1
Fed. R. Civ. P. 8 .......................................................................................................... 4

**I.      INTRODUCTION**

Pursuant to Rule 12 of the Federal Rule of Civil Procedure, Defendant Google Inc. moves to dismiss the amended complaint of Plaintiff Personal Audio, LLC, because: (1) venue is improper; and (2) Plaintiff failed to state a claim for direct or indirect infringement.

First, venue is improper because Google does not reside in the Eastern District of Texas and has no regular and established place of business in this district.

Second, Plaintiff does not specifically identify any devices that could plausibly be the subject of a direct infringement claim.  With respect to indirect infringement, the amended complaint, like the original complaint, lacks factual allegations beyond boilerplate legal conclusions to show (1) any specific intent on the part of Google to induce an unlicensed customer to infringe the asserted patents; (2) that Google Play Music has no substantial non-infringing uses; or (3) knowledge on the part of Google that Google Play Music was "especially made or especially adapted for use in an infringement" of the asserted patents.

Because Plaintiff still cannot make out a legally-cognizable claim, the Court should dismiss this case.

**II.     PROCEDURAL HISTORY**

Beginning in 2009, Plaintiff began asserting the patents at issue in this case against dozens of device manufacturers.  *See* ECF No. 1. ¶¶ 12-15, 39-46; ECF No. 32 nn. 1, 2.  All of those cases ultimately concluded by settlement and/or dismissal.  *See* ECF No. 32 n.2.

Plaintiff's original complaint in this case alleged indirect infringement of the same two now-expired patents.  *See* ECF No. 1.  Because the original complaint contained no identification of any unlicensed device and for other pleading deficiencies, including jurisdiction and venue, Google filed a motion to dismiss.  *See* ECF No. 32.  In response, Plaintiff purported to address the deficiencies raised in Google's motion by amending its complaint.  *See* ECF No. 38.  The

amended complaint alleges that Google "contracts with" unidentified "vendors and others" to "sell infringing devices" within this jurisdiction.  *See id.* ¶ 58.  As the basis of Plaintiff's direct infringement allegations, the amended complaint refers to unspecified "computers, tablets, and smart phones," which Plaintiff describes as "Google's devices."  *See id.* ¶ 57.  In addition to "Google's devices," the amended complaint also vaguely points to unspecified "tablets, computing devices and smart phones manufactured by at least Dell, Sony, and Kyocera," as the basis for indirect infringement.  *See id.* ¶ 68.  The amended complaint also attaches claim charts for a Fujitsu tablet not referenced anywhere in the body of the pleading.[1]  *See* ECF Nos. 38-1, 38-2.

### III.   ARGUMENT

#### A.   The Amended Complaint Should Be Dismissed for Improper Venue

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957) ("28 U.S.C. § l400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and … it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c).").

Plaintiff's allegations of jurisdiction and venue are conclusory and deficient.  In an attempt to create the appearance that Google resides or has a regular and established place of business in this district, Plaintiff alleges that Google maintains "one or more Dallas offices including a location at 6175 W. Main St., Frisco, Texas opened in April, 2012 within the Eastern

---

[1]   Fujitsu is among the defendants in one of Plaintiff's previous cases that was settled and dismissed.  *See Personal Audio, LLC v. Acer Am. et al.*, Case No. 1:14-cv-00008-RC, ECF No. 222 (May 22, 2015).

District of Texas." *See* Am. Compl. ¶ 10. First, Dallas is not in the Eastern District of Texas. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("We construe the plaintiffs' complaints in the light most favorable to them, accepting all well-pleaded facts as true, but we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Second, as Google has previously explained, the Frisco location was a temporary office that closed in 2013. *See, e.g.*, *Fujinomaki v. Google Inc.*, Case No. 2:15-cv-01381-JRG-RSP, ECF No. 47-1 ¶ 10 (Nov. 23, 2015). A temporary location that closed two years before Plaintiff filed its original complaint cannot possibly be "a regular and established place of business." *See Winterbottom v. Casey*, 283 F.518, 521-22 (E.D. Mich. 1922) (defendant who set up a field office in the judicial district while constructing sewer using allegedly infringing products did not have a regular and established place of business in that district because a "'regular place of business' is, obviously, a place where such business is carried on 'regularly,' and not merely temporarily, or for some special work or particular transaction").

   As Plaintiff acknowledges, Google's headquarters are in Mountain View, California. *See* ECF No. 38 ¶ 6. The engineering and marketing divisions responsible for Google Play Music are principally located in Northern California, and the vast majority of the design and development activities related to Google Play Music, as well as any important marketing, sales, pricing, and finance decisions related to Google Play Music, also occur in Mountain View, California. *See, e.g.*, ECF No. 41 at 2-3. Google maintains no employees, offices, or facilities in

the Eastern District of Texas. *See, e.g.*, ECF No. 47-1 ¶ 9 (Nov. 23, 2015), Case No. 2:15-cv-01383-JRG-RSP. Even assuming arguendo that Plaintiff has sufficiently alleged facts to support any actionable conduct on the part of Google, which it has not, any relevant activity with respect to Google Play Music occurred in the Northern District of California, not in the Eastern District of Texas. *See, e.g.*, ECF No. 41 at 2-3. As such, the amended complaint still fails to satisfy the requirements of 28 U.S.C. § 1400(b) and should be dismissed. *See also* 28 U.S.C. § 1406(a) (when case is filed in the "wrong division or district," district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"); Mot. Transfer, ECF No. 41.

Because venue is improper in this district, this case should be dismissed. *See TC Heartland LLC v. Kraft Food Brands Grp. LLC*, 196 L. Ed. 2d 490 (*cert. granted* Dec. 14, 2016).

### B. The Amended Complaint Should Be Dismissed for Failure To State Any Claim for Which Relief May Be Granted

The amended complaint lacks sufficient factual allegations to support each of the elements of the causes of action for direct, induced, or contributory infringement as required by Federal Rule of Civil Procedure 8. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) ("generalities relied upon by [Plaintiff] in the Amended Complaint … importantly, also fail to identify which other party committed the underlying act of infringement"). Accordingly, the Court should dismiss the amended complaint for failure to state a claim for direct, induced, or contributory requirement. *See Eolas Tech, Inc. v. Adobe Sys., Inc.*, 2010 U.S. Dist. LEXIS 58291, at *16-*17 (E.D. Tex. May 6, 2010), *superseded on other grounds* (granting motion to dismiss indirect infringement claims that did

not identify direct infringer); *Blue Spike, LLC v. Tex. Instruments, Inc.,* No. 6:12-cv-499, 2013 U.S. Dist. LEXIS 191697, *174 (E.D. Tex. Sep. 27, 2013) (dismissing contributory infringement claim that did not "even suggest what larger devices or software packages incorporate the accused software").

### 1. The Amended Complaint Does Not Adequately Plead Direct Infringement

Plaintiff's original complaint alleged indirect infringement of the two patents-in-suit by Google without identifying any possible direct infringer. *See* Compl. ¶¶ 55, 69-70 (generically alleging that "a multitude of tablets and smartphones," "branded devices," and "hardware devices" of unidentified third parties directly infringed); Mot. Dismiss at 2, ECF No. 32. Instead of filing a response to Google's motion to dismiss, Plaintiff amended its complaint, adding a claim for direct and joint infringement against Google based on unidentified "devices including computers, tablets, and smart phones," allegedly manufactured, distributed, and sold within this jurisdiction by Google and anonymous "vendors and others." *See* Am. Compl. ¶ 58, ECF No. 38. Such boilerplate pleading, without any supporting factual allegations, fails to provide the requisite level of specificity mandated by the Supreme Court. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579 (2007) (complaint must include "enough facts to state a claim to relief that is plausible on its face" to survive motion to dismiss); *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

On the one hand, the amended complaint references unidentified "Google devices" as the basis for its direct infringement allegation (still without any facts to indicate that there are any such unlicensed devices remaining after Plaintiff's prior settled litigations). *See Blue Spike,* 2013 U.S. Dist. LEXIS 191697, at *174 (dismissing indirect infringement claims where

complaint fails to identify products incorporating the accused software). On the other hand, the amended complaint acknowledges that Google Play Music must be used "in combination with a hardware device." *See* Am. Compl. ¶ 53; *Ruby Sands, LLC v. Am. Nat'l Bank of Texas*, 2016 WL 3542430, at *2 (E.D. Tex. June 18, 2016) (granting defendants' motion to dismiss where plaintiff's "direct infringement pleadings are contructed upon a fatally flawed foundation"). Compounding the lack of clarity due to Plaintiff's contradictory allegations, the exhibits to the amended complaint refer to an entirely different device not discussed at all in the body of the amended complaint, the Sylistic M702 tablet of Fujitsu, a defendant in one of Plaintiff's prior cases, which has been dismissed. *See* Am. Compl. Exs. A, B; *Realtime*, 721 F. Supp. 2d at 539-40 (granting dismissal of indirect infringement claims based on plaintiff's failure to identify direct infringer).

Because the amended complaint fails to identify any unlicensed devices that directly infringe, Plaintiff's direct infringement claim should be dismissed. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### 2.     Plaintiff's Joint Infringement Allegations Are Insufficient

Joint infringement requires a showing of "control or direction" over the entire claimed system or method. *See Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.,* 631 F.3d 1279, 1282, 1288 (Fed. Cir. 2011) (affirming district court's finding that there is no "direction or control of the customers by Qwest such that Qwest should be vicariously liable for the actions of its customers"). The only allegation of "direction or control" in the amended complaint is that Google uses "computerized instructions" and "contractual relationships" to have users and devices "perform acts of infringement." *See* Am. Compl. ¶ 61. The amended complaint does not allege any joint enterpise, fails to identify any Google-controlled user or what "computerized

instrunctions" Google allegedly uses, and contains no factual allegation as to how Google allegedly controlled any unidentified user or device to "perform acts of infringement." *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("[A]n entity [is] responsible for others' performance of method steps in two circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise."). Plaintiff's conclusory allegations of joint infringement are inadequate under the law. *See, e.g.*, *Iqbal*, 556 U.S. at 679 (legal conclusions must be supported by factual allegations to comply with pleading standard).

### 3. Plaintiff Still Fails To Plead Indirect Infringement Adequately

The amended complaint generically identifies computing devices and smart phones of "Dell, Sony, and Kyocera" as the purported directly infringing devices to support Plaintiff's claims of indirect infringement. *See* Am. Compl. ¶¶ 68-69. The amended complaint otherwise contains no factual allegations regarding which computing device(s) and smart phone(s) of these manufacturers are not licensed and allegedly infringe. *See VStream Tech., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Slip Op. at 5, 7 (E.D. Tex. Aug. 24, 2016) (list of allegedly infringing products with bare conclusory assertions reciting nothing more than statutory language inadequate under current pleading standards because "[t]here is simply not enough specificity to put Defendants on notice of the accused aspects of the accused products"). Because the amended complaint lacks sufficient factual allegations to support any underlying direct infringement, Plaintiff's indirect infringement claims fail as a matter of law. *See Limelight Networks v., Akamai Techs.*, 134 S. Ct. 2111, 2117 (2014) ("our case law leaves no doubt that inducement liability may arise if, but only if, there is direct infringement"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement.").

### a. Plaintiff Still Has Not Adequately Plead Specific Intent

The amended complaint also lacks any facts "plausibly showing that defendant specifically intended for its customers to infringe the asserted patents." *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (inducement claim requires that defendant "possessed specific intent to encourage another's infringement"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 107354 (E.D. Tex. July 15, 2015) (recommending dismissal of indirect infringement claim where complaint "fails to allege any facts that establish a plausible inference that [defendant] had the specific intent to induce its customer's actions"), adopted by *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-00752, 2015 U.S. Dist. LEXIS 106962, at *1 (E.D. Tex. Aug. 13, 2015).

Plaintiff's amended complaint repeats the exact same conclusory allegations, with no additional factual allegations, as its admittedly inadequate original complaint. *Compare* ECF No. 1 ¶ 52 *with* ECF No. 38 ¶ 70 ("Google provides, makes, sells, and offers Google Play Music with the specific intention that the third party direct infringers use the product in their branded devices … Google provides and instructs third parties to use the aforementioned product in the manner claimed" by the expired asserted patents). Because such boilerplate allegations are devoid of any factual support as to any specific intent on the part of Google to encourage such unspecified direct infringement, they are too vague and conclusory to create a reasonable inference of specific intent. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013) (allegations that defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement" and fail to provide adequate notice), adopted by *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187805, at *1 (E.D. Tex. Mar. 6, 2013); *see also Core Wireless Licensing S.A.R.L.*, 2015 U.S. Dist.

LEXIS 107354, at *13 ("failing to allege any facts identifying … how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement" and is "insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim").  Thus, the Court should dismiss Plaintiff's induced infringement claim.

### b. Plaintiff Still Fails To Plead Any Facts To Support Its Conclusory Allegation of No Substantial Non-Infringing Use

To state a claim for contributory infringement, Plaintiff must allege facts sufficient to show that the accused component "has no substantial non-infringing uses" and that Google knew that the accused component was "especially made or especially adapted for use in an infringement" of the asserted patents.  *See In re Bill of Lading*, 681 F.3d at 1337 ("Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'").  Again, the amended complaint repeats the same deficient and conclusory allegations, with no additional factual allegations, as its predecessor pleading.  *Compare* ECF No. 1 ¶ 52 *with* ECF No. 38 ¶ 70 ("Google Play Music has no substantial non-infringing uses and is especially made and/or adapted so as to be used in audio player devices, so as to infringe the Asserted Patents," with no supporting factual allegations).

The relevant inquiry for contributory infringement is "whether the accused products can be used for purposes ***other than*** infringement."  *See In re Bill of Lading*, 681 F.3d at 1338 (dismissing contributory infringement claim where complaint did not allege that accused products can perform "***only*** the infringing method") (emphasis in original).  By using the words

"at least" in discussing the "capabilities" of the accused devices, *see* ECF No. 38 ¶ 69, Plaintiff effectively concedes that the accused component may have non-infringing uses. *See Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, 2012 U.S. Dist. LEXIS 114199, at *20 (E.D. Tex. July 27, 2012) (recommending dismissal of contributory infringement allegations where plaintiff failed to supply allegations to allow plausible inference that "any components being sold have 'no substantial non-infringing uses'"). In light of these unremedied deficiencies, the Court should dismiss Plaintiff's contributory infringement claim.

## IV. CONCLUSION

Based on the foregoing, Google respectfully requests that the Court dismiss the amended complaint of Personal Audio LLC for improper venue and for failure to state any claim for which relief may be granted.

Date:  March 9, 2017

Respectfully submitted,

By:    */S/ Jason Xu*

J. Thad Heartfield (State Bar No. 09346800)
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Email:  thad@heartfieldlawfirm.com

Jeannine Yoo Sano (CA Bar No. 174190)
(admitted to the Eastern District of Texas)
Eric Krause (CA Bar No. 257925)
(admitted to the Eastern District of Texas)
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0356
Email:  WCGooglePersonalLLCTeam@whitecase.com

Jason Xu (DC Bar No. 980531)
(admitted to the Eastern District of Texas)
White & Case LLP
701 Thirteenth Street NW
Washington, DC 20005
Telephone: (202) 626-6496
Email: jxu@whitecase.com

Counsel for GOOGLE INC.

-12-

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 9, 2017 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/ Jason Xu*
                                               Jason Xu