# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, | |
| Plaintiff, | CASE NO. 1:15-CV-00350-RC |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

**GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF PERSONAL AUDIO, LLC'S AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. Venue Is Improper Because Google Does Not Reside Here and Has No Regular and Established Place of Business in This District ............................................... 2

II. Plaintiff's Arguments Confirm That Its Direct Infringement Allegations Are Insufficient ............................................................................................................... 3

III. Plaintiff's Alleged Joint Infringement Claim Is Insufficient ............................................. 5

IV. Plaintiff's Indirect Infringement Allegations Remain Insufficient .................................... 6

    A. Plaintiff's Allegations of Specific Intent Are Inadequate as a Matter of Law ................................................................................................... 6

    B. The Amended Complaint Fails To Allege No Substantial Non-Infringing Use ..................................................................................................... 8

V. Conclusion ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc.v. ABA Locks Mfr. Co.*,
   501 F.3d 1307 (Fed. Cir. 2007) .................................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 5, 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 3

*Blue Spike, LLC v. Tex. Instruments, Inc.*,
   2013 U.S. Dist. LEXIS 191697, at *1 (E.D. Tex. Sep. 27, 2013) ................................ 4

*Centillion Data Sys. LLC v. Qwest Commcn's Int'l, Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011) .................................................................................... 3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   2015 U.S. Dist. LEXIS 135468, at *1 (E.D. Tex. Sept. 18, 2015) ........................... 5, 7

*Ferrer v. Chevron Corp.*,
   484 F.3d 776 (5th Cir. 2007) ........................................................................................ 6

*Fujinomaki v. Google Inc.*,
   Case No. 2:15-cv-01381-JRG-RSP, ECF No. 47-1 ¶ 10 (E.D. Tex. Nov. 23,
   2015) ............................................................................................................................. 2

*Horihan v. Hartford Ins. Co. of the Midwest*,
   979 F. Supp. 1073 (E.D. Tex. 1997) ............................................................................ 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .................................................................................... 8

*Judin v. United States*,
   110 F.3d 780 (Fed. Cir. 1997) ...................................................................................... 5

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016) .................................................................................... 6

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir.2007) ......................................................................................... 2

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
   2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013), adopted by
   2013 U.S. Dist. LEXIS 187805 at *1 (E.D. Tex. Mar. 6, 2013) ................................... 7

*VStream Tech., LLC v. PLR IP Holdings, LLC*,
   No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) ........................... 4

**Statutes**

28 U.S.C. § 1391(c) ............................................................................................................. 1, 2
28 U.S.C. § 1400(a) ................................................................................................................ 2
28 U.S.C. § 1400(b) ............................................................................................................ 1, 2
28 U.S.C. § 286 ....................................................................................................................... 2
28 U.S.C. § 287 ....................................................................................................................... 2

**Other Authorities**

htttps://www.supremecourt.gove/qp/16-00341qp.pdf. ............................................................ 2

**Rules**

Fed. R. Evid. 201 .................................................................................................................... 2

Because Google does not reside in this district and has no regular and established place of business in this district, this case should be dismissed for improper venue. Plaintiff's reliance on personal jurisdiction case law does not change the fact that this is a patent infringement action for which the patent venue statute, 28 U.S.C. § 1400(b), governs. Plaintiff does not dispute that venue is improper unless 28 U.S.C. § 1400(b) is supplemented by the definition of "residence" in the general venue statute 28 U.S.C. § 1391(c).

The amended complaint also fails to adequately allege direct or indirect infringement as required by Rule 8. Plaintiff's identification of one allegedly unlicensed product in its amended complaint (of a former defendant from a dismissed action which Plaintiff is no longer pursuing)[1] and inclusion of a list of other allegedly unlicensed devices in its infringement contentions, without accompanying claim charts, are not sufficient to cure the pleading defects identified in Google's motion to dismiss. The amended complaint still fails to identify any specific unlicensed devices to state a claim for direct infringement, still fails to allege any facts to support an indirect infringement claim such as any specific intent to induce customers to use Google Play Music in an infringing manner, and still acknowledges non-infringing uses of Google Play Music which precludes contributory infringement. As a result, the Court should dismiss Plaintiff's amended complaint for failure to state a claim.

---

[1] Following the Rule 26(f) conference on March 7, 2017, Google requested but has not yet received production of documents regarding the negotiations leading up to and the terms and conditions of Plaintiff's dismissal of Fujitsu from the prior *Acer* litigation. Moreover, the Fujitsu device identified in the attachments to Plaintiff's amended complaint was not included among the 2000 accused devices listed in Plaintiff's infringement contentions. *See* Opp'n at 17, ECF No. 53.

-1-

**I.   VENUE IS IMPROPER BECAUSE GOOGLE DOES NOT RESIDE HERE AND HAS NO REGULAR AND ESTABLISHED PLACE OF BUSINESS IN THIS DISTRICT**

Plaintiff does not dispute that it "never pled" that Google has a regular and established place of business in this district, as required under the patent venue statute 28 U.S.C. § 1400(b). *See* Opp'n at 7, ECF No. 53. Instead, Plaintiff argues that venue is proper in light of the general venue statute, 28 U.S.C. § 1391(c), because Google has not raised lack of personal jurisdiction,[2] even citing an inapposite case dealing with the copyright venue statute, 28 U.S.C. § 1400(a). *See id.* at 4. Improperly applying the general venue statute in a patent case is the very issue about which the Supreme Court has already heard argument. *See* https://www.supremecourt.gove/qp/16-00341qp.pdf. Plaintiff's unsupported "assertion of venue," *see* Opp'n at 7, cannot change the fact that venue is improper in this district.[3] Under the patent venue statute, venue is improper in this district because Google does not reside in this district and has no regular and established place of business in this district.[4] *See* Mot. Dismiss at 2-4, ECF No. 42.

---

[2]   Plaintiff submitted 13 pages of personal jurisdiction arguments. While Google disputes those arguments and mischaracterizations of Google and its products, personal jurisdiction is not relevant to Google's motion.

[3]   Plaintiff's reliance on 28 U.S.C. § 286 to argue that Google's temporary office in Frisco, Texas, which closed two years before Plaintiff filed the present action, establishes venue is unavailing. Even if Plaintiff's licensees and former defendants had marked such that Plaintiff would be entitled to any pre-filing damages, *see* 28 U.S.C. § 287, venue is determined at the time of filing of the complaint. *See Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) ("[t]he district in which proper venue lies is determined at the time the complaint is filed.").

[4]   As set forth in Google's opening brief, a temporary office cannot establish a regular and established place of business in this district. *See* Mot. Dismiss at 3, ECF No. 42. Plaintiff's contention that the public record, *Fujinomaki v. Google Inc.*, Case No. 2:15-cv-01381-JRG-RSP, ECF No. 47-1 ¶ 10 (E.D. Tex. Nov. 23, 2015), may not be considered is incorrect. *See* Fed. R. Evid. 201; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

## II. PLAINTIFF'S ARGUMENTS CONFIRM THAT ITS DIRECT INFRINGEMENT ALLEGATIONS ARE INSUFFICIENT

As Plaintiff acknowledges, all of the claims of the patents-in-suit are apparatus claims that recite an audio player with hardware components "programmed in a specific manner." *See* Opp'n at 18; Am. Compl. ¶ 53, ECF No. 38 (Google Play Music must be used "in combination with a hardware device"). Thus, the allegedly infringing products cannot be limited to only Google Play Music software but also require audio player devices along with certain hardware components to meet the claim elements. *See Centillion Data Sys. LLC v. Qwest Commcn's Int'l, Inc.*, 631 F.3d 1279, 1286, 1288 (Fed. Cir. 2011) ("Supplying the software for the customer to use is not the same as using the system…. The customer, not Qwest, completes the system by providing the 'personal computer data processing means' and installing the client software."). Plaintiff does not dispute that it has not identified any specific device or hardware components of Google, Dell, Kyocera, or Sony in its amended complaint. *See* Opp'n at 17. Plaintiff argues instead that the amended complaint "specifically identified the accused products of the Defendant (*i.e.*, Google Play)," and as such, "[o]ne does not need the specific identification of each of the underlying computing 'device' to ascertain whether Google's software product is infringing." *See* Opp'n at 19. Plaintiff's failure to identify specific devices and hardware "programmed in a specific manner" demonstrates that plaintiff has not shown that the asserted claims may plausibly be infringed. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579 (2007) (to survive motion to dismiss, complaint must include "enough facts to state a claim to relief that is plausible on its face").

Plaintiff also argues that it "has identified at least 2000 unlicensed computing devices by way of example in its infringement contentions contained in its P.R. 3-1 disclosures."[5] *See* Opp'n at 17. Providing a list of devices without claim charts in its infringement contentions not only fails to comply with P.R. 3-1(c), it cannot serve to remedy the pleading defects of Plaintiff's amended complaint. *See VStream Tech., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) (pleading standard requires "not just identifying [allegedly infringing] products, but identifying how those products allegedly infringe").

All of the asserted claims require at least a player device, processor, sound card, headphones or speakers, and memory, which are all hardware components, distinct from and in addition to the accused music playback software, Google Play Music. *See* ECF No. 258 at 9-17, 21-28, 48-52, Case No. 9:09-cv-111-RC. Because different brands of audio player devices have different hardware components that may or may not meet the various hardware-based claim elements, simply identifying a list of devices from different manufacturers in Plaintiff's infringement contentions cannot cure the defects in Plaintiff's amended complaint, which fails to identify any specific device except for the one Fujitsu device, which Plaintiff did ***not*** include in its infringement contentions. *See Blue Spike, LLC v. Tex. Instruments, Inc.*, 2013 U.S. Dist. LEXIS 191697, at *174 (E.D. Tex. Sep. 27, 2013) (dismissing complaint for failure to identify products incorporating accused software);

---

[5] After expounding about how Google should not be allowed to identify additional witnesses in its reply on the motion to transfer, *see* Opp'n Mot. Transfer at 7-8, ECF No. 48, Plaintiff has improperly identified Dell as a potential third party witness for the first time in its sur-reply. *See* ECF No. 64 n.4. Dell is among the allegedly unlicensed device manufacturers included in Plaintiff's infringement contentions without claim charts. *See VStream,* No. 6:15-cv-974-JRG-JDL, slip op. at 7 (merely listing allegedly infringing products "is simply not enough specificity to put Defendants on notice of the accused aspects of the accused products").

Identifying the specific allegedly infringing devices is especially critical here given the litigation history of the patents-in-suit.[6] As Google pointed out and Plaintiff did not dispute, the expired patents-in-suit have been the subject of multiple litigations since 2009, resulting in countless settlements and license agreements that cover not only mobile devices from almost all major device manufacturers but also customers of many of those licensed manufacturers. *See* ECF No. 42 at 1; ECF No. 32 at 2, n2. Plaintiff, not Google, possesses the details regarding its own licenses and should not be permitted to shift its failure to conduct an adequate pre-filing investigation onto Google by failing to provide the requisite level of notice in its pleading.[7] *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (Rule 11 is not about "after-the-fact investigation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 cannot be used to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Because the amended complaint fails to specifically identify any unlicensed device as directly infringing, it should be dismissed.

### III. PLAINTIFF'S ALLEGED JOINT INFRINGEMENT CLAIM IS INSUFFICIENT

To support its joint infringement claim, Plaintiff argues that Google "controls or directs users … via contractual agreements with … users …." *See* Opp'n at 26. The amended

---

[6] Plaintiff's reliance on *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2015 U.S. Dist. LEXIS 135468, at *1 (E.D. Tex. Sept. 18, 2015), is misplaced. *See* Opp'n at 20. That case held that identifying "end users" as direct infringers is sufficient when normal, customary use of the accused product results in infringement. *See Core*, 2015 U.S. Dist. LEXIS 135468, at *9-*10 ("identification of, *inter alia*, 'end users' as direct infringers combined with Core's allegation that normal, customary use of the accused products results in infringement permits the plausible inference that at least one end user has used the accused products in their customary way and thereby directly infringed"). In contrast, Plaintiff's amended complaint fails to even identify the devices that allegedly embody the asserted apparatus claims. Since there can be no inference regarding the "customary way" to use an unidentified product, Plaintiff has failed to plead sufficient facts necessary to infer the existence of a direct infringer.

[7] Plaintiff has even declined to respond to Google's request for admission and interrogatory regarding this issue. *See* Pl.'s Resp. Req. Admis., attached as Ex. A; Pl.'s Resp. Interrog., attached as Ex. B.

complaint fails to identify or even describe any such contractual agreement.  Plaintiff then concludes, without providing any authority, that "[t]he [alleged] contractual relationship between Google and its customers establish the existence of a joint enterprise."  *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016) ("Rather, the Amended Complaint alleges conclusively and without factual support that CBS directed or controlled the independent contractors who then directed or controlled the unnamed third parties.  There are thus no allegations in the Amended Complaint that can form the basis of a reasonable inference that each claim step was performed by or should be attributed to Defendants.").  In the absence of any factual allegations, Plaintiff's joint infringement allegations should be dismissed.

## IV. PLAINTIFF'S INDIRECT INFRINGEMENT ALLEGATIONS REMAIN INSUFFICIENT

### A. Plaintiff's Allegations of Specific Intent Are Inadequate as a Matter of Law

Plaintiff argues that "[o]ne can infer that Google in continuing to sell this product with knowledge of the patents and without seeking a license has specific intent to infringe."  *See* Opp'n at 24.  In essence, Plaintiff's position is that because Google infringes, it must have specific intent to infringe.[8]  *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  Such circular logic ignores the fact that "specific intent" is a separate requirement for inducement infringement. *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (inducement

---

[8]  Plaintiff also argues that Google's offering of "Google Play subscription services and gift cards" is Google's specific intent to "induce its customers to operate player devices incorporating Google software in an infringing manner."  *See* Opp'n at 24.  Google Play gift cards and subscriptions can be used for a variety of things, including books, magazines, movies, and apps, and thus do not provide the specific intent for using the accused products in the infringing manner, where only Google Play Music is being accused for infringement.  *See* https://play.google.com/intl/en_us/about/giftcards/; *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (on evaluating motion to dismiss, "we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions").

claim requires that defendant "possessed specific intent to encourage another's infringement").

Plaintiff also argues that "Google also provides instructions and software downloaders for downloading, installing, and incorporating Google Play into player devices," *see* Opp'n at 24, but downloading, installing, and incorporating Google Play are not the alleged infringing activities. *See* Opp'n at 18; ECF Nos. 38-1, 38-2; *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 U.S. Dist. LEXIS 187806, at *1 (E.D. Tex. Feb. 7, 2013) (allegations that defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement" and fail to provide adequate notice), adopted by 2013 U.S. Dist. LEXIS 187805, at *1 (E.D. Tex. Mar. 6, 2013); *see also Core Wireless S.A.R.L. v. Apple Inc.*, 2015 U.S. Dist. LEXIS 107354, at *13 (E.D. Tex. July 15, 2015) ("failing to allege any facts identifying … how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement" and is "insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim").

In the absence of any factual allegations on specific intent, Plaintiff resorts to arguing that "Google stores personal information submitted by its customers and end users … to market them additional Google Play features and products." *See* Opp'n at 24 (citing Am. Compl. ¶ 58). However, paragraph 58 of the amended complaint alleges that "Google also uses the infringing devices to collect data from users that assist Google for other profit motive activities such as advertising and search improvement," not "additional Google Play features" as Plaintiff now characterizes. *See* ECF No. 38 ¶ 58. Even if paragraph 58 had alleged marketing to customers "additional Google Play features and products," since no such "additional Google Play features and products" have been accused in this case, Google's alleged marketing of the unaccused

features and products cannot provide the specific intent for using the accused products in the infringing manner.

Finally, Plaintiff argues that Google's "servers provided the playlist data necessary to infringe the claims of the asserted patents." *See* Opp'n at 24 (citing Am. Compl. ¶ 67). Even if paragraph 67 contained any reference to servers providing playlist data, which it does not, Plaintiff itself asserts that the asserted claims cover client player devices that can download a playlist, not servers that can provide a playlist upon request. *See* Opp'n at 18. Thus, plaintiff tacitly concedes that passive servers providing requested playlists cannot prove specific intent on the part of Google to actively induce others to use the client player devices in the allegedly infringing manner. Given the absence of any allegations of specific intent, the Court should dismiss Plaintiff's induced infringement claim.

### B.     The Amended Complaint Fails To Allege No Substantial Non-Infringing Use

By its use of the phrase "at least" in referring to the capabilities of Google Play Music, *see* Am. Compl. ¶ 69, the amended complaint concedes that the accused instrumentality has non-infringing uses. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (dismissing contributory infringement claim where complaint did not allege that accused products can perform "*only* the infringing method" because relevant inquiry for contributory infringement is "whether the accused products can be used for purposes *other than* infringement") (emphasis in original).

Without addressing this critical pleading failure, Plaintiff instead argues that (1) it does not need to establish no substantial non-infringing use at the pleading stage; and (2) it has demonstrated no substantial non-infringing use by virtue of providing claim charts of how Google Play Music software allegedly operates on a device (not identified in its patent disclosures). *See* Opp'n at 25-26. Plaintiff's first argument confirms that the amended

-8-

complaint fails to allege no substantial non-infringing use, and its second argument merely shows that Plaintiff has alleged one infringing use in one device.  Moreover, given that the claim charts attached to the amended complaint do not include every feature of Google Play Music, use of those unaccused features necessarily constitutes non-infringing use.  In light of Plaintiff's own concessions in the amended complaint that Google Play Music has non-infringing uses, the Court should dismiss Plaintiff's contributory infringement claim.

**V.   CONCLUSION**

Based on the foregoing, Google respectfully requests that the Court dismiss Plaintiff's amended complaint for improper venue and failure to state any claim for which relief may be granted.

Date:  April 13, 2017                    Respectfully submitted,

By: */s/ Jason Xu*
J. Thad Heartfield (State Bar No. 09346800)
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Email:  thad@heartfieldlawfirm.com

Jeannine Yoo Sano (CA Bar No. 174190)
(admitted to the Eastern District of Texas)
Eric Krause (CA Bar No. 257925)
(admitted to the Eastern District of Texas)
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0356
Email:  WCGooglePersonalLLCTeam@whitecase.com

Jason Xu (DC Bar No. 980531)
(admitted to the Eastern District of Texas)
White & Case LLP
701 Thirteenth Street NW
Washington, DC 20005

                    Telephone:  (202) 626-6496
                    Email: jxu@whitecase.com

Counsel for GOOGLE INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on April 13, 2017 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>                     */s/ Jason Xu*
>                     Jason Xu