** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1:15-CV-350 |
| v. | § | |
| | § | JUDGE RON CLARK |
| GOOGLE, INC., | § | |
| | § | PRD |
| *Defendant.* | § | |

## ORDER DENYING GOOGLE'S MOTION TO DISMISS

Google moves to dismiss the claims in Personal Audio's First Amended Complaint for lack of proper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to plead adequate facts to state plausible claims for direct, joint, and indirect infringement pursuant to Rule 12(b)(6). Dkt. # 42 (Motion); Dkt. # 65 (Reply). Personal Audio opposes the motion and has responded, claiming that venue is proper and that it has set forth sufficient facts to plead a plausible claim for relief as to all of its infringement claims. Dkt. # 54 (Opp.); Dkt. # 67 (Sur-reply).

After reviewing the First Amended Complaint and the parties' arguments, the court finds that venue in this district is proper and that the First Amended Complaint sets forth sufficient facts to state a plausible claim for relief as to all of Personal Audio's infringement claims, including direct infringement by Google, joint infringement, inducement, and contributory infringement. Google's motion must therefore be denied.

### I.   BACKGROUND

Personal Audio accuses Google of infringing two patents, U.S. Patent No. 6,199,076 (the '076 Patent) and U.S. Patent No. 7,509,178 (the '178 Patent). Personal Audio claims, generally, that the manufacture, use, sale, offer for sale, and distribution of Google Play Music, a software

1

application currently past its tenth version, infringes the patents-in-suit because Google Play has user functionality options that practice all the limitations of certain claims in the patents-in-suit. The operative complaint and the details regarding how Google Play Music infringes the patents-in-suit are found in Personal Audio's First Amended Complaint. *See* Dkt. # 38 ("Am. Compl.").[1]

Google made similar or identical arguments, and the court considered them in analyzing, Google's transfer motion. The court, in denying that motion and finding that the Northern District of California was not "clearly more convenient" under the Section 1404(a) analysis, already addressed and largely rejected those arguments. *See* Dkt. # 66.

In moving to dismiss Personal Audio's claims pursuant to Rule 12(b)(6), Google alleges that the infringement claims fail for several reasons.  To summarize, Google alleges that Personal Audio did not identify a specific accused product, name specific direct infringers, plead sufficient facts to demonstrate joint infringement, or plead sufficient facts to support a specific intent finding for inducement or a no substantial non-infringing use finding for contributory infringement.  The court's analysis addresses each of these alleged deficiencies, and in discussing each of Google's challenges, first summarizes what facts were pleaded in the Amended Complaint, regarding each of those theories.

## II. LEGAL STANDARD

The Federal Circuit applies regional circuit law to a motion to dismiss in a patent infringement case. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015), *cert. denied,* 136 S. Ct. 701 (2015).  A Rule 12(b)(6) motion to dismiss argues that irrespective of

---

[1] Prior to the present motion, which addresses the First Amended Complaint, Google brought a motion to dismiss the original Complaint based on very similar arguments to those found in the present motion.  *See* Dkt. # 32.  Subsequent to filing of the First Amended Complaint, the court denied Google's first motion to dismiss as moot and directed Google to respond through a responsive pleading or file a new Rule 12(b) motion.  *See* Dkt. # 39.

jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013) (internal citations and quotations omitted). In doing so, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether those facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. Venue is proper in the Eastern District of Texas.

Google claims that venue is improper under 28 U.S.C. § 1400(b), citing the same arguments that were made and are being considered in the pending Supreme Court case on patent venue, *TC Heartland LLC v. Kraft Foods Group Brands LLC* (Case No. 16-341). The Supreme Court has heard oral arguments in *TC Heartland* but not yet issued an opinion. In its motion before this court, however, Google adopts the unestablished legal presumption that Section 1400(b) is the

only controlling patent venue statute, and because of this, venue is improper because Google lacks a regular and established place of business in this district. Google's argument is improperly rooted in a presumption that the Supreme Court will overturn the Federal Circuit's decision in *TC Heartland*.

Under current law, "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced," (*see* 28 U.S.C. § 1391) in addition to any district where the corporate defendant committed acts of infringement *and* has a regular and established place of business. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). In other words, current law recognizes that Section 1391 supplements the jurisdictional provision of Section 1400(b) of the Patent Act. Therefore, under current law, a corporate defendant may be subject to personal jurisdiction in a district "if the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of defendants to serve directly, or indirectly, the market for its product." *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (quoting *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297–98 (1980) ("The forum does not exceed its powers . . . if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.")). This stream of commerce theory has traditionally been sufficient to establish "minimum contacts" with a jurisdiction such that a defendant is subject to personal jurisdiction there. *See Asahi Metal Indus. v. Superior Court of California, Solano Cty*, 480 U.S. 102, 112 (1987).

Because Google sells products in the Eastern District of Texas, it has "minimum contacts" in the state of Texas and is subject to personal jurisdiction here. Indeed, Google "delivers its

products into the stream of commerce with the expectation that they will be purchased by consumers" in the Eastern District of Texas. *See Volkswagen*, 444 U.S. at 297–98. Google entirely ignores the stream of commerce theory in its briefing. Under this theory, venue is proper. Further, additional evidence of Google's contacts with the state of Texas can be found in the court's order denying transfer to the Northern District of California. *See* Dkt. # 66.[2]

B. **Personal Audio's direct infringement claims, regarding both Google's infringement and joint infringement, are sufficient under the plausibility pleading standard.**

"[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). Direct infringement of a method claim "occurs where all steps of [the] claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

   1. **The Amended Complaint states a plausible claim for relief as to direct infringement by Google.**

Personal Audio alleges that Google directly infringes the patents-in-suit by manufacturing, using, selling, and offering to sell Google Play Music. Am. Compl. ¶ 53. The following paragraphs are illustrative of Personal Audio's direct infringement allegations:

> 53. Upon information and belief, Google manufactures, uses, offers and/or sells products and services including, but not limited to its Google Play Music (and software provided with Google Play) available as, for example, a mobile, computer

---

[2] Personal Audio also argues that Google waived any challenge to personal jurisdiction by failing to contest it separately in the present motion or through its first Motion to Dismiss the original Complaint. Personal Audio claims that this waiver precludes it from challenging jurisdiction, and because Google's improper venue argument turns on personal jurisdiction, Google has no basis to claim improper venue. *See* Dkt. # 54 at 8–12. The court need not reach this challenge because, under the current law analyzed above, the court has personal jurisdiction over Google regardless of whether Google waived the challenge.

> and tablet application, which constitutes a material part of the inventions in the Asserted Patents and which, in combination with a hardware device, such as a smartphone, computer or tablet, infringe the Asserted Patents.
>
> …
>
> 55. Upon information and belief, Google's Play Music [sic] is offered in conjunction with its Android operating system, and has been incorporated across a multitude of tablets and smartphones that infringe the Asserted Patents, including devices manufactured, sold, or offered for sale by Google.
>
> …
>
> 57. Upon information and belief, Google sells infringing devices in this jurisdiction and elsewhere. Google manufactures, uses, distributes, offers to sell and/or sells devices including computers, tablets, and smart phones . . . Google incorporates within Google's devices the Android operating system and software including Google Play Music (and software provided with Google Play) . . . .

Am. Compl. at pp. 11–12.

These allegations put Google on notice that Google is a direct infringer since it manufactures devices with the software and also sells and offers to sell the Google Play software. Personal Audio also identifies a specific category of products believed to be manufactured using the patented method—Google Play Music—and through its claim chart attachments to the Amended Complaint, the specific features of the accused technology that embody the claimed inventions. *See, e.g.*, Am. Compl. ¶ 53. In the context of later paragraphs that address indirect infringement, Personal Audio describes at least some of the allegedly infringing features such as the following: "the capability to continuously play a playlist of selected audio files without input of a user command; detect a user command to skip forward or backward in the playing playlist sequence; and respond to a command to skip forward by discontinuing playback of the playing audio file and being playback of the next audio file in the playlist sequence." Am. Compl. ¶ 69. The claim charts attached further identify a Fujitsu device as an illustrative example of a device onto which the allegedly infringing Google software application has been uploaded.

Google, relying on *Iqbal* and *Twombly* more generally rather than any patent-specific cases, argues that Personal Audio's identification of "Google and anonymous vendors and others" as the parties that manufacture, distribute, and sell within the Eastern District is insufficient. Mot. at p. 5. However, Google cites no authority for the proposition that identifying the defendant as the direct infringer and then expanding its claim to include others outside of the defendant somehow renders the allegation inadequate. Personal Audio did identify a direct infringer: Google.

Google also asserts, without support, that the allegations are insufficient to support a plausible claim because the Amended Complaint does not identify the specific devices on which Google Play Music can be operated. But Google cites no authority for the proposition that the Amended Complaint need contain such detail in order to state a plausible claim for relief, either before or after the abrogation of Form 18. In fact, courts in this district have found to the contrary when allegations in a complaint implicate several different end devices as the ultimate accused systems. *See MAZ Encryption Techs. LLC v. Blackberry Ltd.*, Civ. Action No. 6:15-cv-1167-RWS-JDL, slip op. at 5 (E.D. Tex. June 7, 2016) ("While several end devices may be implicated by the use of the alleged system, Plaintiff has sufficiently identified the accused system."). Personal Audio's identification of Google Play Music and then what might be considered a category of end-user devices onto which Google Play Music may be loaded does not render its direct infringement claims insufficient or too vague to state a plausible claim for relief

The court refuses to require the detail that Google demands, especially in light of this district's Local Patent Rules, which require that a Plaintiff serve infringement contentions that must detail the accused devices and put Google on sufficient notice shortly after pleadings. Several courts in this district have acknowledged a relationship between the plausibility analysis and early service of infringement contentions. *See Solocron Edu., LLC v. Healthstream, Inc.*, Civ. Action

2:16-cv-16 (E.D. Tex. June 7, 2016) (in denying a motion to dismiss for failure to state a claim, reasoning that "[defendant] is asserting that [plaintiff] must include element-by-element infringement contentions within the original complaint to properly state a claim for direct infringement under the Twombly-Iqbal standard. The Court declines to infuse Federal Rule of Civil Procedure 8(a)'s well-established pleading standard with such a heightened burden at the initial pleading stage . . . . Not only do the local rules provide for early disclosure [of infringement contentions], they demand detailed disclosure."); *see also MAZ Encryption*, Civ. Action No. 6:15-cv-1167-RWS-JDL, slip op. at 6 ("Allegations to the level of detail contained in infringement contentions are not required at the pleading stage. Indeed, the local rules of this Court require Plaintiff to serve its infringement contentions upon Defendants shortly after the complaint is served and the initial scheduling conference is set.").

    **2.    The Amended Complaint states a plausible claim for relief as to joint infringement by Google and others.**

Under a theory of joint infringement, a plausible claim requires "pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that the performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016); *see also Akamai*, 797 F.3d at 1022. With regards to joint infringement, Personal Audio alleges:

> 58. Upon information and belief, Google also contracts with vendors ad other to sell or provide infringing devices and software within this jurisdiction and elsewhere . . . Google sells or contracts with others to sell infringing devices preloaded with Google Play . . . Google uses computers, tablets, phones, and other player devices of users and/or vendors to install infringing software . . . Google also uses the infringing software to collect data from users that assist Google for other profit motive activities such as advertising and search improvement . . . .
>
> 59. . . . Google further provides Google software including Google Play and instructions to users . . . .

> 60. . . . Google contracts with customers and/or end users and provides infringing customers software to them . . . to create, make and provide infringing devices. Upon information and belief, Google enters into agreements with customers and/or end users and others concerning the operation, use and creation of infringing devices and functionality
>
> 61. . . . Google provides a downloader that provides infringing software including updates to customers to result in infringement . . . Google issues computerized instructions to direct or control users and infringing devices . . . Through its software on Google's servers and embedded on users' infringing devices, as well as its contractual relationships with users, Google directs and controls infringing devices to perform acts of infringement.
>
> 62. To the extent that some elements of a claim are performed by a different party than Google, Google – through its software and infringing devices – participates in the infringement . . . and receives a benefit upon performance of the steps. For example, Google provides the software that establishes the manner and/or timing of the performance of the steps such as software that downloads other software, downloads a content file, creates a playlist, establishes a communication link, or other actions that a user may request or result from user actions . . . Google's contracts with a user also create an agency relationship or governs infringing activity for the purposes of joint infringement.

Am. Compl. ¶¶ 55–62 at pp. 11–13.

In response to these allegations, Google complains that the "only allegation" of direction or control is that Google uses computerized instructions and "contractual relationships" with end-users to perform acts of infringement and that these allegations are conclusory. Dkt. # 42 at 10; *see also* Am. Compl. ¶ 61. However, even in *Akamai*, pleading regarding the contractual relationship between a manufacturer and its customers was the only allegation of direction or control at pleading, and that was sufficient. 786 F.3d at 915. Following *Akamai*, Personal Audio's allegations above, especially its allegations that there exist contractual relationships between Google and Google Play Music users together with the descriptions of how exactly end-users infringe using the skip functionality, state a plausible claim for joint infringement. Whether

Personal Audio can provide evidence sufficient to establish joint infringement is not to be decided at the pleading stage.

Google also claims that the Amended Complaint does not contain a single example of a specific contractual agreement (Dkt. # 65 at pp. 9–10) but does not present any support for the proposition that such specific detail is required.  The court has located no authority that a plaintiff is required to provide an example of that type of contractual agreement, by attachment to the complaint or otherwise, in the context of joint infringement. To require this—especially prior to discovery—would impose an undue burden.  Google's argument therefore misses the mark.

C. **Personal Audio's indirect infringement claims are sufficient under the plausibility pleading standard.**

Personal Audio claims that Google indirectly infringed the patents-in-suit through both inducement and contributory infringement.

A claim for induced infringement must: 1) adequately plead direct infringement by defendants' customers; 2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customers' acts constituted infringement. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015).  A plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement. Rather, the Complaint need only plead a plausible claim for relief." *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, Civ. Action No. 6:11-cv-229, 2012 WL 9864381, at * 5 (E.D. Tex. July 27, 2012).

A claim for contributory infringement must allege facts to plausibly support the following: 1) an act of direct infringement; 2) that defendants "knew that the combination for which its components were especially made was both patented and infringing;" and 3) that defendants'

components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (internal citations and quotations omitted).

Inducement and contributory infringement share the elements of specific intent and proof of an underlying direct infringer. In its motion, Google claims that the Amended Complaint does not adequately plead either inducement or contributory infringement because the pleading does not (1) allege facts supporting a plausible claim that Google had the required specific intent, and (2) sufficiently identify an underlying direct infringer. In addition, regarding contributory infringement, Google claims (3) that there are insufficient allegations regarding substantial non-infringing use. The court addresses each alleged omission in turn.

### 1. The Amended Complaint sufficiently identifies underlying direct infringers.

There is no dispute that indirect infringement claims require at least one underlying direct infringer. *See e.g.*, *Lucent Tech, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322, 1320 (Fed. Cir. 2009) (addressing underlying direct infringer element as to both contributory and induced infringement). In the Amended Complaint, Personal Audio identifies several categories of underlying direct infringers, which appear in bold and italicized:

> 66. . . . ***users and owners of player devices*** . . . ***that Google sold, made, caused to be made, and/or used*** that was alleged to be an infringement . . . also directly infringed the patents. Still further, ***customers and users use the infringing devices and software*** to purchase, operate or receive playlists, media files, software, advertisements, products, announcement, games, advertisements, services, and other information.
>
> 68. . . . Google provides its ***customers and/or users of player devices*** such as smartphone, computer or tablet instructions, materials, advertisements, services, encouragement and software to use, load and operate Google Play (and software provided with or is designed to interact with Google Play) in an infringing manner or to create and use an infringing device. . . .
>
> 69. … Google Play Music has been incorporated in tablets, computing devices and smart phones manufactured by at least ***Dell, Sony, and Kyocera.*** Dell, Sony, and Kyocera are not licensees of the Asserted Patents. Upon

11

>       information and belief, *customers and users of infringing devices of these companies* reside in the jurisdiction and conduct the above described acts within this jurisdiction. . . .
>
> 70.   . . . direct infringement of the Asserted Patents is the result of third parties, *including at least Dell, Sony, and Kyocera and/or their customers incorporating Google Play Music into their hardware devices.*

Am. Compl. at pp. 14–17.

Under *Bill of Lading*, Personal Audio's identification of underlying direct infringers is sufficient. *See* 681 F.3d at 1336. Identifying "customers" and "manufacturers" behind the indirect infringement claims is sufficient at the pleading stage. In *Bill of Lading*, the court stated the following:

> Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more. To state a claim for indirect infringement, therefore *a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists*.

*Id*. (emphasis added)[3]  On the contrary, Google does not cite, nor has the court located, any authority that requires a plaintiff to identify specific names of underlying direct infringers in order to state a plausible claim for relief on an indirect infringement claim. Personal Audio's identification of customers and end-users is sufficient.

Even if the more general references to customers and end users were not sufficient, Personal Audio also identified more specific direct infringers: Dell, Sony, Kyocera, and Fujitsu (due to the claim chart). Dkt. # 54 at pp. 29–30. These allegations further support the court's conclusion that sufficient facts were pled to state a plausible claim for inducement and contributory infringement.

---

[3] Even though *Bill of Lading* pre-dates the abrogation of Form 18, it concerned indirect infringement, which courts unanimously agreed was controlled by the pleading standards announced in *Twombly* and *Iqbal* rather than Form 18 (*see id*. at 1336–37); therefore, its pronouncements regarding indirect infringement remain intact, regardless of the abrogation of Form 18.

### 2. The Amended Complaint contains facts to support a plausible claim of specific intent on the part of Google.

Typically, boilerplate allegations about specific intent without facts is not enough. *Commil USA v. Cisco*, 135 S.Ct. 1920, 1927 (2015). In this case, Personal Audio has supplied sufficient facts—more than just boilerplate allegations—to state a plausible claim that Google specifically intended for end users to infringe the patents-in-suit. In its Amended Complaint, Personal Audio alleges, in part, the following:

> 70. Upon information and belief, Google provides, makes, sells, and offers Google Play Music with the specific intention that the third party direct infringers use the product in their branded devices . . . Google provides and instructs third parties to use the aforementioned product in the manner claimed in the Asserted Patents . . . Google Play Music has no substantial non-infringing uses and is especially made and/or adapted so as to be used in audio player devices, so as to infringe the Asserted Patents.

Am. Compl. ¶ 70.

Comparing Personal Audio's claims to those in other cases, such as *Script Security Solutions* for instance, demonstrates that there are sufficient facts regarding specific intent. *See Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936–37 (E. D. Tex. 2016). In *Script Security Solutions*, the court found the allegations in the complaint sufficient to plead both inducement and contributory infringement because it stated that defendant provided instructions, software downloaders, subscription services, and gift cards to the direct infringers, who were the end users. *Id*. The court determined that the facts pled made it plausible that "defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way" and the complaint also described the functionality of the accused products, including the special user features that equipped end users to infringe. *Id*. at 938.

At least one court has found that pleading regarding the existence of contractual relationships between a defendant and direct infringers are relevant to the specific intent element. *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, Civ. Action. No. 6:11-cv-229, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012). In *Patent Harbor*, the court determined that allegations that the defendants had knowledge of the patent, were "infringing the patent by authoring DVDs with content addressable videos, and [were] *contracting with others to author DVDs with content addressable videos*" created a plausible inference that the defendants were inducing others to infringe by directing and controlling through contract. *Id* (emphasis added).

Here, the facts in the Amended Complaint recited above, taken together with the descriptions of Google Play Music and the accused functionality of skipping between tracks found throughout other parts of the pleading state a plausible claim that Google specifically intended that end users of devices containing Google Play Music would infringe the patents-in-suit.

Plaintiff has plausibly pled facts showing that Defendants specifically intended for their customers to infringe the asserted patents.

### 3. The Amended Complaint contains sufficient facts to state a plausible claim of contributory infringement.

In addition to the underlying direct infringer and specific intent elements, which are addressed above, contributory infringement requires a claim that the components supplied by the defendant have no substantial non-infringing use. Regarding this particular element, Personal Audio alleges:

> 70. Upon information and belief, Google provides, makes, sells, and offers Google Play Music with the specific intention that the third party direct infringers use the product in their branded devices . . . Google provides and instructs third parties to use the aforementioned product in the manner claimed in the Asserted Patents . . . *Google Play Music has no substantial non-infringing uses and is especially made and/or adapted so as to be used in audio player devices, so as to infringe the Asserted Patents*.

Am. Compl. ¶ 70. Comparing this allegation to those that were sufficient under the plausibility standard in other cases, Personal Audio's allegation that Google Play Music is "especially made or adapted to be used" in audio player devices raises the allegation past the threshold of plausibility. Personal Audio has pled sufficient facts to state a plausible claim for relief even with regards to the element of no substantial non-infringing use.

## IV. CONCLUSION

For the reasons above, Google's Motion to Dismiss Personal Audio, LLC's Amended Complaint (Dkt. # 42) is DENIED. In light of this Order, Google shall respond to the Amended Complaint pursuant to the deadlines provided by the Federal Rules of Civil Procedure and any relevant Local Rules.

So **ORDERED** and **SIGNED** this **15** day of **May, 2017.**

_____
Ron Clark, United States District Judge