IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | CASE NO. 1:15-CV-00350-RC |

## GOOGLE INC.'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I. Current Law Mandates Dismissal for Improper Venue ....................................................... 1

II. Conclusion ............................................................................................................................ 2

## TABLE OF AUTHORITIES

**Cases**

*TC Heartland LLC v. Kraft Food Brands Group LLC*,
   No. 16-341 (2017) ............................................................................................................ 1, 2

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 12(b) ...................................................................................................................... 1
Fed. R. Civ. P. 15(a)(3) .................................................................................................................. 1

In view of the Supreme Court's holding in *TC Heartland LLC v. Kraft Food Brands Group LLC*, No. 16-341 (2017), which issued one week after this Court's order denying Google's previous motion to dismiss, *see* ECF No. 71, Google renews its motion to dismiss Plaintiff Personal Audio, LLC's First Amended Complaint. *See* Fed. R. Civ. P. 12(b), 15(a)(3); Order of May 15, 2017 at 15, ECF No. 71 ("In light of this Order, Google shall respond to the Amended Complaint pursuant to the deadlines provided by the Federal Rules of Civil Procedure and any relevant Local Rules."). Plaintiff does not and cannot dispute that Google has no "regular and established place of business" in the Eastern District of Texas as required by the patent venue statute, 28 U.S.C. § 1400(b). Accordingly, Google respectfully requests that the Court dismiss this case due to improper venue.

## I.   CURRENT LAW MANDATES DISMISSAL FOR IMPROPER VENUE

Contrary to Plaintiff's arguments, the Supreme Court has confirmed that the requirements of the patent venue statute, 28 U.S.C. § 1400(b), are not "outdated," and "the [supposedly] rejected *Fourco* case" is still governing law. *Compare* Pl.'s Opp'n Mot. Dismiss at 7, ECF No. 53, *with TC Heartland*, Slip. Op. at 1-2 2 ("The amendments to §1391 did not modify the meaning of §1400(b) as interpreted by *Fourco*."). The Supreme Court expressly rejected Plaintiff's position that Google should be deemed to reside in this district under § 1391(c) so long as Google is subject to personal jurisdiction here. *See TC Heartland*, Slip. Op. at 3, 5 ("Under this logic, because the District of Delaware could exercise personal jurisdiction over petitioner, petitioner resided in Delaware under § 1391(c) and, therefore, under § 1400(b).… This Court squarely rejected that interpretation … holding that § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions and is not to be supplemented by § 1391(c)." (internal quotations and citation omitted).

-1-

Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." As Plaintiff admits, Google is incorporated in Delaware and thus does not reside in this district. *See* Am. Compl. ¶ 6, ECF No. 38 ("Defendant Google, Inc. is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View CA"); *TC Heartland*, Slip. Op. at 2 ("As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation."). Plaintiff also admits that "[it] never pled … [that Google] has a 'regular and established place of business" in the Eastern District of Texas. *See* Pl.'s Opp'n Mot. Dismiss at 7, ECF No. 53; *see also* Order of Apr. 20, 2017 at 3, ECF No. 66 ("Google does not have any employees, offices, or facilities in the Eastern District of Texas.").

Accordingly, venue is improper, and Plaintiff's Amended Complaint must be dismissed.

## II. CONCLUSION

Since venue is improper in this district, Google respectfully requests that the Court dismiss this case.

Date: May 30, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Thad Heartfield*
　　　　　　　　　　　　　　　　　　J. Thad Heartfield (State Bar No. 09346800)
　　　　　　　　　　　　　　　　　　The Heartfield Law Firm
　　　　　　　　　　　　　　　　　　2195 Dowlen Road
　　　　　　　　　　　　　　　　　　Beaumont, TX  77706
　　　　　　　　　　　　　　　　　　Telephone:  (409) 866-3318
　　　　　　　　　　　　　　　　　　Email:  thad@heartfieldlawfirm.com

　　　　　　　　　　　　　　　　　　Jeannine Yoo Sano (CA Bar No. 174190)
　　　　　　　　　　　　　　　　　　(admitted to the Eastern District of Texas)
　　　　　　　　　　　　　　　　　　Eric Krause (CA Bar No. 257925)
　　　　　　　　　　　　　　　　　　(admitted to the Eastern District of Texas)
　　　　　　　　　　　　　　　　　　White & Case LLP
　　　　　　　　　　　　　　　　　　3000 El Camino Real, Bldg. 5, 9th Floor
　　　　　　　　　　　　　　　　　　Palo Alto, CA  94306

Telephone:  (650) 213-0356
Email:  WCGooglePersonalLLCTeam@whitecase.com
Jason Xu (DC Bar No. 980531)
(admitted to the Eastern District of Texas)
White & Case LLP
701 Thirteenth Street NW
Washington, DC 20005
Telephone:  (202) 626-6496
Email: WCGooglePersonalLLCTeam@whitecase.com

Leon Miniovich (NY State Bar No. 4738852)
(admitted to the Eastern District of Texas)
White & Case LLP
1221 Avenue of the Americas
New York,  NY  10020
Telephone:  (212) 819-7923
Email:  WCGooglePersonalLLCTeam@whitecase.com

Counsel for GOOGLE INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that Jeannine Sano, Jason Xu, and Eric Krause, counsel of record for Defendant Google Inc., met and conferred with William Parrish, counsel of record for Plaintiff Personal Audio, LLC, on May 26, 2017 regarding the relief sought by this motion. Plaintiff opposes the motion, and the parties were unable to reach agreement. The matter is therefore at an impasse, leaving this issue for the Court to resolve.

/s/ *J. Thad Heartfield*
J. Thad Heartfield

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 30, 2017 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ J. Thad Heartfield*
J. Thad Heartfield