# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC.** § | |
| § | |
| **Plaintiff,** § | |
| § | **CASE NO. 1:15-cv-00350-RC** |
| v. § | |
| § | |
| **GOOGLE, INC.,** § | |
| § | **JURY TRIAL DEMANDED** |
| § | |
| **Defendant.** § | |
| § | |
| § | |
| § | |

## PERSONAL AUDIO, LLC'S EMERGENCY MOTION REQUESTING AN AMENDED BRIEFING SCHEDULE TO ALLOW FOR VENUE DISCOVERY AND LEAVE TO FILE AN AMENDED COMPLAINT

Defendant Google, Inc. ("Defendant" or "Google") filed its third Motion to Dismiss (Dkt 73) on May 30, 2017 ("Motion to Dismiss"). Plaintiff Personal Audio, LLC ("Personal Audio") files this motion asking the Court to:

1) Extend the time for Plaintiff to respond to Google's Motion to Dismiss and the related briefing; and

2) Grant Plaintiff leave to amend the Complaint beyond the current deadline in order to accommodate venue discovery.

Personal Audio, raised the need for venue discovery to Google's counsel during the Parties' June 5, 2017 telephonic meet and confer conference.  Defendant's counsel responded by email at 5:00 pm yesterday that they saw no need for venue discovery and thus planned to oppose Personal Audio's requests detailed herein.

## I. BACKGROUND

Since the Court's January 12, 2017, Order granting Personal Audio's request to lift the stay, Google has filed two previous motions to dismiss (Dkt. 32 & 42) and a motion to transfer pursuant to §1404 (Dkt. 41).  After taking full briefing on these motions, the Court denied Google's motion to transfer (Dkt. 66) and denied both of Google's prior motions to dismiss (Dkt. 39 & 71).  Google now brings its third Motion to Dismiss (Dkt. 73) based on the Supreme Court's recent interpretation of 28 USC §1400(b) in *TC Heartland LLC v. Kraft Food Brands Group LLC*, No. 16-341 (2017).  Based on that decision, patent venue is now only proper where a defendant is incorporated or "has committed acts of infringement and has a regular and established place of business." *Id.*

Google asserts that venue in this judicial district is not proper because it does not have a regular and established place of business in this district. Personal Audio, on information and

1

belief, disputes this claim. Personal Audio needs time to investigate, test and challenge Google's assertions regarding its business in this judicial district. Publically available information indicates that Google has registered businesses in the state of Texas, is seeking and has hired employees working and conducting business within this judicial district, has paid state taxes as recently as 2016 in this judicial district, may have vehicles regularly and continuously operating and conducting business operations within this district, may have acquired businesses in this district, may have facilities storing personal property within this district, may maintain a repair facility in this district, may have entered into service contracts in this district and/or may have established retail outlets in this district. Any of these activities by Defendant, alone or collectively, in this district are likely to be sufficient to establish venue over Google in this judicial district.

## II. PERSONAL AUDIO SHOULD BE GRANTED SUFFICIENT TIME TO COMPLETE VENUE DISCOVERY GIVEN THE CHANGE IN LAW

The Current Scheduling order provides that June 22, 2017 is the deadline for Personal Audio to amend the Complaint without leave of the Court:

> Parties' Final Amended Pleadings. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit.

(Dkt 51). Personal Audio seeks to extend this deadline as well as the deadline for responding to the Motion to Dismiss, in order to allow Plaintiff sufficient time to conduct adequate venue discovery and add further allegations concerning venue to an amended complaint or to incorporate additional venue facts and briefing into Plaintiff's response to the Motion to Dismiss.

This Court has broad discretion to "control … the discovery process" *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); see also Fed. R. Civ. P. 16(b). Further,

2

"discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Baker Hughes, Inc. v. Homa*, 2012 U.S. Dist. LEXIS 60224, 35-36 (S.D. Tex. Apr. 30, 2012) (*citing Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1235 (Fed. Cir. 2010)). Courts are particularly empowered to permit discovery on a motion to dismiss where discovery may be useful in resolving issues of fact presented by the motion and where the relevant evidence may only be in the possession or control of the movant. *See*, *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, 2016 U.S. Dist. LEXIS 90615 (E.D. Tex. July 13, 2016) (discovery necessary because "the facts necessary to establish personal jurisdiction and propriety of venue [are] exclusively within the defendant's knowledge."). Thus, where there is a need for such discovery, courts have delayed taking up a motion to dismiss until plaintiff has had an opportunity to complete discovery. *See, e.g., McAllister v. FDIC*, 87 F.3d 762, 766 (5th Cir. 1996) ("When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss."); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. Tex. May 25, 1993); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) ("[T]he district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.").

In reviewing whether to permit discovery and alter timing to allow jurisdictional or venue discovery, the majority of district courts, including this Court, have adopted the 'good cause' standard in their review. *N. Am. Deer Registry, Inc. v. DNA Solutions, Inc.*, 2017 U.S. Dist. LEXIS 61043, *3 (E.D. Tex. Apr. 21, 2017) ("An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether

3

to permit such … discovery.") In analyzing 'good cause' "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* Given the circumstances of this matter, Personal Audio should be given an opportunity to conduct venue discovery. Personal Audio sufficiently met the requirements to establish venue based on the prevailing law at the time it filed suit and where the change in law for patent venue occurred only two weeks ago, good cause exists for Plaintiff's reasonable request to probe into Google's venue contacts with this jurisdiction.

Here, based on publically available information about Google and existing Circuit Court guidance on what constitutes "a regular and established place of business," under §1400(b), specific facts relating to whether venue is proper in the Eastern District of Texas must be investigated and are only within Google's exclusive possession. This analysis is not as straight forward as Google would have the Court believe, which is evident when reviewing *In re Cordis Corp.,* the last opinion where the Federal Circuit ruled on the issue of a 'regular and established place of business.' In that case, the Federal Circuit clarified that "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not as Cordis argue[d], whether it has a fixed physical presence in the sense of a formal office or store." *In re Cordis Corp.*, 769 F.2d at 737.

Personal Audio's initial discovery, served on June 1, 2017 (within 2 days of the filing of Google's Motion to dismiss), follows this guidance by probing into issues such as remote employees working within this judicial district at their homes, the existence of garages or service centers for its fleet of vehicles, personal and real property owned by Google in the district as well as subsidiaries or affiliates located within the district. *See* June 6, 2017 Declaration of Salil Bali*,* Exhibit 1, First Set of Venue Interrogatories, Nos. 10, 4, 5, 6, 2 and 3 (respectively); Exhibit 2,

First Set of Venue Requests for Production, Nos. 21, 2, 16-18, 24, 1, 13, 15 and 23 (respectively). Personal Audio needs time to receive discovery responses, conduct follow-up or additional discovery as necessary and notice Fed. R. Civ. P. 30(b)(6) depositions. Indeed, follow-up discovery is likely to be of critical importance here as Personal Audio will need to drill-down on the specifics of Google's business dealings in this district based on Google's responses to Personal Audio's initial written venue discovery. Personal Audio may also need to conduct discovery as to third-parties, such as Google's business partners in this district, in order to establish that Google's business ties amount to a "permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d at 737. Presently, Personal Audio's opposition to the Motion to Dismiss is due eight days from now, on June 13, 2017. This due date does not allow for sufficient time for Plaintiff to receive and review Google's responses to the written venue discovery already served; much less conduct any depositions, follow-on discovery or incorporate the findings into a responsive brief in opposition to the Motion to Dismiss.

Personal Audio, therefore, requests that the Court continue the deadline for Plaintiff's response to the Motion to Dismiss and adopt the following briefing schedule:

| **SCHEDULED EVENT** | **DEADLINE** |
|---|---|
| Defendant to Serve Responses and documents to Plaintiff's First Set of Venue Interrogatories and Requests For Production | July 3, 2017 |
| Deadline for Plaintiff to Either Oppose Google's Motion to Dismiss (Dkt 73) or File an Amended Complaint | August 21, 2017* |
| Deadline for Defendant's Reply In Support of Its Motion to Dismiss or File a Pleading Responsive to Plaintiff's Further Amended Complaint | September 5, 2017 |

*subject to any outstanding venue related discovery disputes, then 15-days from the resolution of said disputes.

This schedule will allow Personal Audio sufficient time to (1) receive Google's initial

responses to Plaintiff's initial venue discovery, (2) issue follow up venue discovery if necessary, and (3) to conduct depositions related to venue.

### III. PERSONAL AUDIO SHOULD BE GRANTED LEAVE TO AMEND BASED ON ITS VENUE DISCOVERY

Under Fed. R. Civ. P. 15(a), leave to amend should "be freely given when justice so requires." While leave to amend is not given automatically, there are only a few limited circumstances contemplated by the rules where it should be denied. *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). A decision to grant leave is within the discretion of the trial court, however, such discretion is not broad enough to permit denial if the court lacks a substantial reason to do so. *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995). Here, where Google's Motion to Dismiss is centered on a substantial change in venue law since Personal Audio filed its Amended Complaint, leave to amend should be freely granted. *See, Garcia v. Lion Mex. Consol., L.P.*, 2016 U.S. Dist. LEXIS 146451, *10-11 (W.D. Tex. Oct. 21, 2016) (citing *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 315 (5th Cir. 1996)) ("Given the intervening change in law… the Court cannot 'articulate a substantial reason' for denying leave to amend on this basis."); *Casey v. Davis*, 2016 U.S. Dist. LEXIS 147751 (S.D. Tex. Oct. 25, 2016) (citing *Hampton v. Graff Vending Co.*, 516 F.2d 100, 103 (5th Cir. 1975)) ("[I]f there is a defect in the pleading, Plaintiff should be given an opportunity to request leave to amend the claim, which is freely given. Fed. R. Civ. P. 15. That is particularly the case here, where there has been a substantial change in the law articulating the basis for the claim."). Personal Audio's previous pleadings complied with the then operative law. The Court has provided for Plaintiff to file a further amended complaint, without leave, by June 22. (Dkt. 51) However, Google's responses to Personal Audio's first set of venue

discovery will not even be served by this June 22 deadline. Therefore, once Personal Audio has completed its venue discovery, it should be provided an opportunity to further amend consistent with the current venue law by August 21, 2017 or 15-days from the resolution of any venue related discovery disputes outstanding as of August 21, 2017.

No prejudice will be caused to Google by the granting of the requested relief.

## IV.  CONCLUSION

For the foregoing reasons, Personal Audio respectfully requests the Court to expedite its consideration of this motion and grant it, adopting the proposed discovery and briefing schedule, granting Personal Audio leave to file an Amended Complaint and granting any such further relief as the Court deems Personal Audio is entitled to at law or equity.

Dated: June 6, 2017                               Respectfully Submitted,

*/s/ Douglas Q. Hahn*
Douglas Q. Hahn,
Admitted to Practice in E.D. Texas
New York State Bar Reg. No. 2990794
California State Bar No. 257559
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138; Fax: 949-823-5138
Email: dhahn@sycr.com

Victor G. Hardy
Texas State Bar No. 00790821
William M. Parrish
Texas State Bar No. 15540325
Minghui Yang
Texas State Bar No. 24091486
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759

7

Phone: (512)520-9407
Email:  vhardy@hpylegal.com
         bparrish@hpylegal.com
         myang@hpylegal.com


Charles W. Goehringer
Texas State Bar No. 00793817
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX 77701
Phone: 409-654-6700
Email: cwgoehringer@germer.com

***Attorneys for Plaintiff, Personal Audio, LLC***

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on June 5, 2017, via telephone conference with the following participants:  Jeannine Sano and Thad Heartfield for Defendant and Douglas Hahn, William M. Parrish, Victor Hardy and Minghui Yang for Plaintiff.  No agreement could be reached and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Douglas Q. Hahn

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on June 6, 2017.

/s/ Douglas Q. Hahn