** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| *Plaintiff,* | § § § | |
| | § | CIVIL ACTION No. 1:15-CV-350 |
| v. | § § | JUDGE RON CLARK |
| GOOGLE, INC., | § § | PRD |
| *Defendant*. | § | |

## ORDER DENYING PERSONAL AUDIO'S MOTION FOR SANCTIONS

Plaintiff Personal Audio, LLC seeks sanctions against Defendant Google, Inc., claiming that Google failed to produce relevant documents and produced unprepared Rule 30(b)(6) corporate representatives during the special venue-related discovery that the court allowed in relation to Google's Rule 12(b)(3) Motion to Dismiss (Dkt. # 73) for improper venue. The court finds that sanctions are not warranted and that Personal Audio's Motion (Dkt. # 95) should be denied.

**I.      Background**

Personal Audio filed suit against Google for patent infringement on September 15, 2015. The case was stayed pending inter partes review until January 12, 2017, when the court lifted the stay. The court issued a Scheduling Order (Dkt. # 52) after conducting a Rule 26 Case Management Conference that gave the parties a trial setting in July 2018.

On May 30, 2017, Google renewed its Rule 12(b)(3) Motion to Dismiss based on improper venue, in light of the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, 137 S.Ct. 1514 (2017). (Dkt. # 73). Personal Audio moved to amend the briefing

1

schedule on that motion and requested venue-related discovery. (Dkt. # 74). The court granted Personal Audio's motion to amend the briefing schedule and held a hearing on venue and venue-related discovery on June 19, 2017 (Dkt. # 79). At that hearing, the court granted discovery, but limited it to interrogatories and requests for production. The court cautioned attorneys to confer about the discovery requests and cautioned Personal Audio to "limit their questions and their requests for production." (June 19, 2017 Conf. Tr., Dkt. # 81, at p. 39:1-10). A subsequent hearing was set to allow the parties to begin discovery before the court addressed further discovery and set briefing deadlines.

On July 21, 2017, the court held a second hearing in which it granted Personal Audio a Rule 30(b)(6) deposition of Google and set various deadlines for that deposition as well as the deadlines for the parties' briefing in response to Google's underlying Motion. (Minutes, Dkt. # 87). The deposition was limited to three discrete topics: (1) a former Google office that was located at 6175 Main St., Frisco, Texas, ("the Frisco Office") (2) Google Cache Servers (GGCs), and (3) Google employees living and performing work in the District. (July 21, 2017 Conf. Tr., Dkt. # 88, at pp. 38–39). Discovery was also limited to events that occurred after September 19, 2012, the date on which Google received initial notice of the suit. *Id*. at p. 39:11-21.

On August 10, 2017, Personal Audio filed a Motion to Compel, asking the court to compel document production from Google, to extend the deadline for the Rule 30(b)(6) deposition, and to extend the briefing schedule to comport with the delayed discovery. (Dkt. # 90). The parties appeared to mutually agree to the August 24, 2017 deposition date and Google represented that it would produce relevant documents before then. (Dkt. # 90-7, at p.4 (e-mail from Google counsel to Personal Audio counsel)). Because several of the issues were moot in light of Google's

response, the court granted in part Personal Audio's Motion to Compel and extended various deadlines to comport with the late deposition date, including Personal Audio's deadline to respond to the Rule 12(b)(3) Motion. *See* Dkts. ## 91, 92.

On August 25, 2017, Personal Audio responded to Google's Motion. On September 27, 2017, Google filed a Reply, and on October 10, 2017, Personal audio filed a Sur-reply. On October 4, 2017, Personal Audio filed the present Motion for Sanctions (Dkt. # 95). Google responded, and the parties filed replies and sur-replies.

**II.     Legal Standard**

The Federal Circuit applies regional circuit law to the imposition of discovery sanctions. *ClearValue, Inc. v. Pearly River Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009). A district court has the power to sanction a party both under Federal Rule of Civil Procedure 37 and its inherent powers. *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997). Rule 37 "establish[es] a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964). An evasive or incomplete disclosure or response must be treated as a failure to disclose. Fed. R. Civ. P. 37(a)(4). A refusal to disclose information without substantial justification is ground for appropriate sanctions, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Possible sanctions for violating a discovery order are fully set out in Federal Rule of Civil Procedure 37(b). They include, among other things, directing that the matters embraced by the dispute or other designated facts be established for purposes of the action, as the prevailing party claims. Fed. R. Civ. P. 37(b)(i).

3

**III.     Analysis**

Personal Audio makes two primary claims: (1) Google violated this court's oral discovery order by withholding relevant venue-related discovery, and (2) Google failed to produce a prepared corporate witness on several topics that were noticed in Personal Audio's Rule 30(b)(6) deposition notice. Based on these claims, Personal Audio states that it is entitled to inferences that Google regularly sent its field personnel into the Eastern District and that Google maintains employees in the Eastern District for its own business reasons. (Mot., Dkt. # 95, at pp. 15–16). The court addresses each of these claims in turn.

> **a.     There is insufficient evidence to conclude that Google withheld relevant venue-related discovery.**

Personal Audio claims that Google withheld relevant discovery regarding several topics: (i) Google's former Frisco Office, (ii) Google employees who were sent to, or were working in, the Eastern District, and (iii) Google's alleged acquisition of a company called QuickOffice, which allegedly has an office in Plano. Google claims that it fully complied with the court's guidance on relevant venue discovery.

>> **i.     The Frisco Office**

After reviewing the attachments to the parties' briefing on Google's Motion for Improper Venue, it is apparent that Google supplied to Personal Audio sufficient documentation regarding the Frisco office. Google provided the lease on the property (Dkt. # 94-7) and its November 17, 2014 notice to terminate the lease on August 31, 2015 (Dkt. # 94-11), which establishes that Google's rental of the property concluded prior to the filing of suit. Google also provided its sublease to Quest Management from May 9, 2014, through termination of the lease in August 2015. (Dkt. # 94-12). Google provided internal office memos about the relocation of employees working at the Frisco office (Dkt. # 96-2). Google even provided a Collin County tax document

4

showing that it paid personal property taxes in 2016 on personal property located at the 6175 Main St. address. (Dkt. # 94-13). These documents undercut the notion that Google withheld relevant discovery regarding the property.

Personal Audio argues that Google only produced six documents and did not produce documents that demonstrate why Google closed its own office and subleased the property. The number of documents cannot be the proper gauge of whether all relevant discovery was provided. The six documents that were provided demonstrate that the Frisco office was closed and subleased in December 2013. In other words, they demonstrate how irrelevant any other discovery would have been. Google's interrogatory responses discuss the nature of the work that was being performed at the Frisco Office. (Dkt. # 94-18, at p. 2). Why Google closed the office is also irrelevant to this court's analysis of proper venue under 28 U.S.C. § 1400(b). Those appear to be confidential business decisions irrelevant to the question of whether Google had a regular and established place of business in the District in September 2015. Withholding discovery on irrelevant topics does not merit sanctions. Because the allegedly withheld discovery is irrelevant, Personal Audio cannot demonstrate the requisite harm.

### ii. Google employees

Personal Audio claims that Google did not produce documents regarding "the employees it sent to the Eastern District to maintain equipment and check on its GGC servers," and did not produce a certain service contract with Dell. But there is nothing before the court that demonstrates, as Personal Audio alleges, that Google sends employees to this District. Google stated explicitly in its Opposition that "Google did not send its employees to this District to maintain or service GGCs." (Opp., Dkt. # 98, at p. 8). The statement relied on by Personal Audio, a self-serving statement from the declaration of Personal Audio attorney Douglas Hahn, simply

5

states that nothing was received on this topic. (*See* Hahn Decl., Dkt. # 95-1, ¶ 3). It does not demonstrate that Google had the information and withheld it.

The court is also not convinced that Google's contract with Dell, a multi-national company, related to the GGCs or, even if it did, that it would be relevant to its venue analysis. Personal Audio has cited no case law suggesting that having a service contract with a company in this District, even if it could establish that Dell was located here, demonstrates a "regular and established place of business" under § 1400(b). Withholding discovery that is irrelevant—or does not exist—does not merit sanctions.

Personal Audio also complains that Google did not produce the underlying employment data records for Google employees living and working in the Eastern District. The records to which Personal Audio points come from a database containing employee data for 60,000 Google employees. (Dkt. # 98-2, King Depo., at 17:55-18:2). Providing these voluminous records in lieu of, or in addition to, summarizing those records in an interrogatory response, or through deposition, which Google did, is not required. Personal Audio claims that Google could have produced a subset of those records, which might be true; but there is no evidence that Personal Audio requested those underlying records. Personal Audio has also not demonstrated why a subset of that information is not already reflected in Google's interrogatory answers.

It is apparent to the court that Google produced sufficient discovery regarding employees working in the District. The sworn interrogatory answers detail relevant information about six of the employees (*see* Dkt. # 94-18, at pp. 6–9), and affirm that their working in the District does not rise to the level of a "regular and established place of business." As discussed further below, Google representative Brian King personally spoke to four of the six employees working in the District to confirm many of these details, and then, Mr. King testified about those facts. This is

sufficient, and it also helps demonstrate why Google may not have additionally produced voluminous employee data tables. Their withholding, if any, is justifiable, and Personal Audio has not demonstrated any resulting harm.

### iii. QuickOffice acquisition

Personal Audio argues for the first time in this Motion that Google acquired a company named QuickOffice, which has an office in Plano, Texas, in 2012, and then contends that Google withheld discovery in relation to this acquisition. Google did not respond to this contention, nor did Personal Audio discuss it further in its Reply (*see* Dkt. # 100).

Though discovery on the QuickOffice acquisition may have been relevant, since it occurred within the time period that the court outlined for discovery during one of its venue-related hearings, the court is not convinced that Google's failure to produce documentation about this 2012 acquisition is harmful to Personal Audio. Again, the court has concluded that venue under § 1400(b) is to be analyzed as of the date of filing, which is September 15, 2015. Google's acquisition of a subsidiary with an office in Plano, without any demonstration that Google employees were working in that office as of September 15, 2015, would not change the court's analysis of the venue issue. Personal Audio must demonstrate how it has been harmed by any alleged withholding; it cannot do so here. Google's failure to produce documents related to QuickOffice—though it may cast doubt on the scope of Google's discovery—does not, standing alone, merit sanctions.

### b. There is insufficient evidence to conclude that Google failed to produce a prepared corporate witness.

Personal Audio served a Rule 30(b)(6) deposition notice on Google, noticing 18 topics, which includes three main topics, each with several subtopics (Amend. Depo. Notice, Dkt. # 94-19). Google offered two corporate representatives, Mr. Michael Clark and Mr. Brian King, each

of whom was prepared on a subset of these topics. The court has been presented with the deposition transcripts of both those witnesses almost in their entirety, through the various excerpts provided by both parties as attachments to briefing. (*See* Dkt. ## 95-7, 95-8, 95-9, 96-1, 98-2, 101-2 (King); Dkt. ## 94-10, 94-16, 96-3, 98-1, 101-1 (Clark)). Based on the court's review of those transcripts, the court concludes that there is insufficient basis to conclude that Google failed to prepare these witnesses.

Both witnesses, at times, forgot details or stated that they did not have certain details before them about certain topics. But each of them was to be prepared on several topics, which were generally broad rather than discrete. For example, Topic # 3(A) in the deposition notice, about which Mr. King testified, listed 25 individuals and required knowledge of their home and business addresses, where they have worked, their phone number and email, the time period(s) during which the employee performed work for Google, the type and scope of work performed, and the offices in which he/she worked and/or reported to. (Dkt. # 94-19, at p. 9). The next sub-topic, Topic # 3(B), and each of the sub-parts that followed, expanded on the scope of information required for each of those 25 individuals. *Id.* at pp. 9–10. Witnesses are human and are not expected to recall all the details that might be supplied in, for instance, an interrogatory answer. It does not merit sanctions if a witness is not prepared on certain minute details when presented with several topics and sub-topics.

These witnesses starkly contrast to those in the cases to which Personal Audio cited, which involved proof that the witnesses had provided false testimony or declined to testify at all. *See* Mot., Dkt. # 95, at p. 9 (citing *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 144 (E.D. Tex. 2003); *Beach Mart, Inc. v. L&L Wings, Inc.*, 302 F.R.D. 396, 410, 414 (E.D.N.C. 2014)). Those cases are inapposite.

Overall, the witnesses were able to testify about the opening and closing of the Frisco office, the GGC servers and how they operated in the network, and four of the six Google employees working in the Eastern District. These are, in broad terms, the topics for which discovery was permitted. Google complied with this court's discovery guidelines.

Personal Audio points repeatedly to sections of testimony where Mr. King and Mr. Clark admitted to not having looked for certain documents. But this does not merit sanctions. Personal Audio has not cited to any authority requiring that a corporate witness look for relevant documents himself; in fact, it is often the case that witnesses are prepared by counsel based on documents located by counsel through document review. This failure to inspect databases for documents, especially when Personal Audio was provided with relevant discovery on all three topics identified by the court, does not merit sanctions either.

Google's corporate witnesses, albeit imperfect, were not so adequately unprepared as to merit sanctions.

    **c.**    **Inferences adverse to Google are not warranted.**

Because the court has concluded that sanctions are not merited, there is no reason to order that inferences of certain facts, as requested by Personal Audio, are warranted. These requests are denied.

It is therefore ORDERED that Personal Audio's Motion for Sanctions (Dkt. # 95) is DENIED.

So **ORDERED** and **SIGNED** this **1** day of **December, 2017.**

_____
Ron Clark, United States District Judge